IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DENTSPLY INTERNATIONAL, INC.,<br><br>        Defendant. | Civil Action No. 99-005 (SLR) |

**OBJECTIONS OF DEFENDANT DENTSPLY
INTERNATIONAL, INC. TO PROPOSED BILL OF COSTS**

Pursuant to L.R. 54.1(a)(3), Defendant Dentsply International, Inc. ("Dentsply") submits the following objections to the proposed Bill of Costs submitted by the Unites States Department of Justice, Antitrust Division ("government"):

    1.    <u>Witness and Service Fees</u>. The government seeks reimbursement in the amount of $3004.89 (collectively) for witness and service fees. Dentsply does not object to these requests.

    2.    <u>Trial Transcripts</u>. The government seeks reimbursement in the amount of $25,408.50 for fees of the trial court reporter. Dentsply objects to this request in its entirety on the ground that the trial transcripts were neither prepared pursuant to stipulation nor requested by the Court. They were clearly for the government's own internal use, and thus the costs incurred are not taxable under L.R. 54.1(b)(2). *See, e.g., EMI Group North America, Inc. v. Intel Corp.*, C.A. 95-199-RRM (D. Del. June 13, 2000) (attached as Ex. B) (denying costs for transcript of

licensing hearing); *Schering Corp. v. Roussel-UCLAF SA*, C.A. 95-566-RRM (D. Del. Feb. 4, 1998) (attached as Ex. C) (denying trial transcript fees).

3. <u>Deposition Transcripts</u>. The government seeks reimbursement in the amount of $54,629.72 for court reporting fees incurred at depositions taken during discovery. Dentsply objects to this request on two grounds. First, the deposition testimony of 24 witnesses identified by the government was never introduced at trial. *See* attached Ex. A. Nineteen of these witnesses appeared live at trial. And the testimony of the remaining five witnesses was simply never introduced into the record, whether through a live reading of designations or on written submission. Thus, by definition, the government cannot satisfy L.R. 54.1(b)(3), which permits deposition costs to be taxable "only where a substantial portion of the deposition is admitted into evidence at trial or otherwise used in the resolution of a material issue in the case." L.R. 54.1(b)(3). Second, the government seeks reimbursement for the transcript costs of an additional 23 witnesses (*see* Ex. A), only two of whom have more than ten pages of designations admitted into the record. In fact, the median number of pages of admitted designations for all 23 witnesses is *seven*. For these witnesses, a "substantial portion of the deposition" was clearly not admitted into evidence "or otherwise used in the resolution of a material issue in the case," as is required by the local rule. *See, e.g., EMI Group North America, Inc.* (denying deposition costs); *Schering Corp.* (same). Accordingly, Dentsply seeks a reduction in taxable costs of $52,096.89. Dentsply does not challenge the transcript costs for the depositions of Horst Becker, Kevin Dillon, Sr. and Robert Raths, which amounts to a taxable cost of $2,532.83.

4. <u>Fees for Exemplification – Court Exhibits</u>. The government seeks reimbursement for its own court exhibits in the amount of $1095.00. Dentsply objects to this request on the ground that the government has failed to identify a single copy of an exhibit "necessarily

attached to a document required to be filed and served," as is required by L.R. 54.1(b)(5). Nor has the government identified a single copy of a document that was admitted into evidence in lieu of an original which was either not available for introduction in evidence or not introduced at the request of Dentsply. *Id.* Instead, the government merely seeks reimbursement for the production and enhancement of its own courtroom exhibits, which is not covered under L.R. 54.1(b)(5).

5. <u>Fees for Exemplification – Courtroom Technology</u>. The government seeks reimbursement for the rental costs of equipment used by both sides during trial in the amount of $1,112.50. These costs are not recoverable under L.R. 54.1(b)(5). Moreover, the government and Dentsply already have split these rental costs.

6. <u>Fees for Internal Dentsply Documents Produced During Discovery</u>. The government seeks reimbursement in the amount of $20,627.12 for the imaging, scanning and production on CD-ROMs of thousands of internal Dentsply documents, approximately 31 of which the government eventually introduced at trial. Dentsply produced these documents to the government during the ordinary course of discovery. They were clearly for the government's own internal use, and thus are not taxable under L.R. 54.1(b)(5).

7. <u>Fees for Ivoclar Documents Produced During Discovery</u>. Similarly, the government seeks reimbursement in the amount of $7,694.25 for copies of documents produced by third-party Ivoclar to Dentsply, only two of which the government introduced at trial. Again, Dentsply produced these documents to the government during the ordinary course of discovery. They were clearly for the government's own internal use, and thus are not taxable under L.R. 54.1(b)(5).

WP3:1124672.1    049169.1011

CONCLUSION

For the foregoing reasons, Dentsply respectfully requests that this Court sustain its objections to the government's proposed Bill of Costs, reduce the requested costs by $108,034.26 and Order Dentsply to reimburse the government in the amount of $5,537.72.

|  |  |
|---|---|
|  | Margaret M. Zwisler<br>Eric J. McCarthy<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200 |
|  | *[signature]*<br>William D. Johnston (#2123)<br>Christian Douglas Wright (#3554) |
| OF COUNSEL: | YOUNG CONAWAY STARGATT<br>  & TAYLOR, LLP |
| Brian M. Addison<br>DENTSPLY INTERNATIONAL, INC.<br>Susquehanna Commerce Center<br>221 West Philadelphia Street<br>York, PA 17405 | The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391<br>(302) 571-6600 |
| DATE:  June 24, 2005 | *Attorneys for Defendant*<br>*Dentsply International, Inc.* |

## CERTIFICATE OF SERVICE

I, Christian Douglas Wright, hereby certify that on June 24, 2005, I caused to be electronically filed a true and correct copy of *Objections Of Defendant Dentsply International, Inc. To Proposed Bill Of Costs* with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

### BY E-FILING

Rudolf Contreras, Esquire
Assistant United States Attorney
U.S. Attorney's Office
1201 Market Street, Suite 1100
Wilmington, DE 19801

I further certify that on , I caused a copy of the *Objections Of Defendant Dentsply International, Inc. To Proposed Bill Of Costs* to be served on the following non-registered participants in the manner indicated:

### BY FEDEX

Jon B. Jacobs, Esquire
United States Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 4000
Washington, D.C. 20530

YOUNG CONAWAY
　STARGATT & TAYLOR, LLP

*/s/ Christian Douglas Wright*
Christian Douglas Wright (#3554)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
cwright@ycst.com