# Exhibit A

## Exhibit A

**1.    Witnesses Whose Testimony Was Never Introduced At Trial**

    a.  Live Testimony

| | |
|---|---|
| Reynolds Challoner | $592.85 |
| Christopher T. Clark | $3,743.80 |
| Robert Ganley | $1007.65 |
| Betsy Harris | $2,001.75 |
| Rand Jaslow | $1,026.95 |
| Steven Jenson | $9,226.21 |
| Ralph Langer | $622.66 |
| Richard Mariacher | $778.32 |
| Howard Marvel | $3829.70 |
| John Miles | $675.70 |
| David Reitman | $379.50 |
| Peter Rossi | $955.00 |
| John Ryan | $994.45 |
| Jack Silcox | $327.50 |
| James Swartout | $1,656.45 |
| William Turner | $682.08 |
| Norman Weinstock | $1,537.29 |
| Wayne Whitehill | $616.95 |
| Yoram Wind | $250.00 |
| Total | $30,904.81 |

    b.  Not Used

| | |
|---|---|
| Bryan Frazier | $483.00 |
| Michael Golden | $380.19 |
| Devon Howe | $484.88 |
| Michael Macias | $804.00 |
| William Yacola | $840.27 |
| Total | $2,992.34 |

2.    **"Substantial Portion" of Witness Testimony Was Not Admitted Into Evidence Or Otherwise Used In the "Resolution of a Material Issue in the Case"**

| | | |
|---|---|---|
| Joe Baca | $652.40 | 4 pages |
| Lloyd Bauman | $366.00 | 4 pages |
| Cyril Buckley | $292.32 | 10 pages |
| Joseph Burkhardt | $2025.30 | 8 pages |
| Bruce Colgin | $505.80 | 8 pages |
| Robert Allen Cook | $390.00 | 7 pages |
| Perrin DesPortes | $624.10 | 4 pages |
| David Dhuet | $333.00 | 6 pages |
| Pedro Fernandez | $1,201.80 | 1 pages |
| Ronald Fichter | $637.50 | 6 pages |
| Kathryn Haynes | $749.00 | 8 pages |
| Therin Keeling | $369.50 | 14 pages |
| Thom Lantz | $1,206.08 | 10 pages |
| James McLees | $995.70 | 2 pages |
| Daniel Murphy | $479.40 | 2 pages |
| Wayne Murray | $709.00 | 10 pages |
| Michael O'Brien | $516.60 | 11 pages |
| Richard Peebles | $993.91 | 7 pages |
| Robert Popp | $561.20 | 3 pages |
| Patrick Segnere | $1,567.80 | 4 pages |
| Phil Watkins | $433.50 | 7 pages |
| James Wiltz | $1,336.35 | 9.5 pages |
| Danny Wong | $1253.48 | 9 pages |
| | | |
| Total | $18,199.74 | |

049169.1011

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
for the
DISTRICT OF DELAWARE

EMI GROUP NORTH AMERICA, INC.    )
    )
    )
               Plaintiff    )
       v.    )    C.A. 95-199  RRM
    )
INTEL CORPORATION    )
    )
               Defendant.    )

## CLERK'S TAXATION OF COSTS

Presently before the Clerk of Court is the bill of costs (DI 490) filed by defendant, Intel Corporation ("Intel"). The Clerk has the authority to tax costs, in accordance with L.R. 54.1. In support of the bill of costs Intel has submitted the affidavit of Susan K. Knoll (DI 491). Plaintiff, EMI Group North America, Inc. ("EMI") has responded to the bill of costs (DI 494). Intel subsequently filed an amended bill of costs and response to EMI's objections (DI 499).

In accordance with Judge McKelvie's November 1, 1996 order (DI 467) a judgment was entered for Intel and against EMI on November 4,1996 (DI 468). EMI filed a notice of appeal on November 22,1996 (DI 473). Intel filed a cross-appeal (appealing two prior orders) on December 6,1996 (DI 475). The Federal Circuit Court of Appeals issued two judgments regarding the appeals (DI 487, 488). The appellate judgments were filed with the district court on October 1,1998 and December 10,1998. The court of appeals dismissed Intel's cross-appeal and affirmed the November 4,1996 judgment of the district court. Intel filed its bill of costs on December 21,1998. The bill of costs was filed in a timely manner, in accordance with L.R. 54.1(a).

Having reviewed the bill of costs, the affidavit of Susan K. Knoll, amended bill of costs and objections to the bill of costs,

IT IS ORDERED, that

1

I.      Intel's request for <u>Trial Transcript fees in the amount</u>
        <u>of $ 2,838.75 is DENIED.</u>

   A.   EMI opposes the request in its entirety.

   B.   Intel correctly states that L.R. 54.1(b)(2)
        provides for trial transcript costs. The rule
        states; "The cost of the originals of a trial
        transcript, a daily transcript and of a transcript of
        matters prior or subsequent to trial furnished the
        Court is taxable, *when either requested by the Court,*
        *or prepared pursuant to stipulation. Mere acceptance*
        *by the Court does not constitute a request. Copies of*
        *transcripts for counsel's own use are not taxable.*"
        *(emphasis added).*

   C.   Intel provides no evidence that the transcript was
        prepared pursuant to a stipulation.

   D.   Intel also provides no evidence that the Court, <u>in</u>
        <u>this case,</u> requested the preparation of transcripts.
        Intel, however, refers to a statement made by Judge
        McKelvie in a case cited as Vestar v.Liposome,
        CA 93-232-RRM (DI 499, Ex. 1).The Clerk notes that the
        Court's docket shows the caption for C.A.93-232 as
        *NeXstar* v. Liposome. Court records reflect there is
        another Liposome case, found at C.A. <u>92-332</u>-RRM,and
        captioned Liposome v. Vestar. Irrespective of the case
        upon which Intel relies, the Clerk's findings are the
        same.
            Intel argues that the statements made by Judge
        McKelvie in a Liposome case provide a sufficient basis
        for the awarding of transcript costs in *this* case.
        Intel provides no authority to support their position.
        Referring to "other costs", L.R. 54.1(b)(10) states in
        part, costs "ordinarily will not be allowed unless the
        party claiming such costs substantiates the claim by
        reference to a statute or *binding court decision.*"
        (emphasis added). Although the rule addresses "other
        costs", the Clerk finds that no less a standard should
        apply when deciding the pending issue of transcript
        costs.
            Intel provides no reference to a statute. Nor does
        Intel provide evidence of a binding court decision. The
        Court's comments in Liposome do <u>*not*</u> appear to be
        specific requests for preparation of transcripts. The
        Court instead indicates that it "relied on the trial
        transcripts." [DI 499,Ex.1, p.30,Lines 13,14]. As noted
        in the L.R. 54.1(b)(2), "mere acceptance by the Court
        does not constitute a request". The Court also stated
        (DI 499, Ex. 1,p.31, Line 18) that "I didn't ask for
        daily copy." Therefore, there is <u>no</u> request for

transcripts by the Court. Even if the Clerk were to construe the Court's comments in Liposome as a request for trial transcripts, there is nothing to indicate that the Liposome request would be "binding" in the EMI v. Intel case.

Therefore, Intel has furnished no evidence of any "binding court decision" or statute.

E.    For the reasons stated above, the Clerk rejects Intel's argument(s) and its request for trial transcript fees is **DENIED.**

II.    Intel's request for **Deposition Costs** in the amount of $16,072.60 is **DENIED.**

A.    L.R. 54.1(b)(3) provides for the taxing of deposition costs. The rule states in pertinent part that deposition costs are taxable "only where a substantial portion of the deposition is admitted into evidence at trial or otherwise used in the resolution of a material issue in the case."

B.    Intel submits that it has requested costs for depositions used in the resolution of claim construction and infringement issues.

C.    EMI  opposes, in its entirety, Intel's request for deposition costs.

D.    The positions of the parties raise issues which are matters for judicial resolution.

E.    Therefore, Intel's request is DENIED.

III.    Intel's  request for costs of  **Witness Fees and Expenses** is **GRANTED,** in part.

A.    Local Rule 54.1 (b)(4) provides:

The rates for witness fees, mileage and subsistence are fixed by statute (see 28 U.S.C.

3

§ 1821). Such fees are taxable even though the witness does not take the stand, provided the witness necessarily attends the Court. Such fees are taxable even though the witness attends voluntarily upon request and is not under subpoena. Witness fees and subsistence are taxable only for the reasonable period during which the witness is within the district.

Subsistence to the witness under 28 U.S.C. § 1821 is allowable if the distance from the Court to the residence of the witness is such that mileage fees would be greater than subsistence fees, if the witness were to return to his/her residence from day to day.

No party shall receive witness fees for testifying in its own behalf, but this shall not apply where a party is subpoenaed to attend court by the opposing party. Witness fees for officers of a corporation are taxable if the officers are not defendants and recovery is not sought against the officers individually. Unless otherwise provided by statute, fees of expert witnesses are not taxable in an amount greater than that statutorily allowable for ordinary witnesses. The reasonable fee of a competent interpreter is taxable if the fee of the witness involved is taxable.

B.      Intel requests subsistence and travel for trial attendance regarding Dr. Chung. The request consists of subsistence for 7 days and travel costs for two round trips to and from Boston, Massachusetts.

C.      EMI objects, *in part*, to Intel's request. EMI argues that Intel is entitled to compensation for only one round trip to and from Boston. EMI also objects to two days of subsistence.

D.      Witness fees are taxed as follows:

    1.  Dr. James Chung ----

        a)  Travel ........................$ 62.00
            EMI objects, in part, to the travel costs.

            For the reasons stated below, costs will be taxed in the amount of $62.00.

            It appears that Dr. Chung traveled to Wilmington, DE from Boston, MA. Intel requests it be reimbursed for travel costs in excess of $62.00. The request is hereby reduced to $62.00. The above consists of one (1) round

4

trip of 100 miles each way (200 x $.31 =
$62.00). The current status of the law
appears to indicate that the taxation of
witness travel costs should be limited to 100
miles absent special circumstances which
include, but are not limited to, the
relevance and necessity of the witnesses'
testimony and the existence of court approval
before the incurrence of travel expenses.
See Goodwin Brothers Leasing, Inc. v.
Citizens Bank, 587 F.2d 730 (5th Cir. 1979)
at 734. The allowance of expenses for
traveling a distance in excess of one hundred
miles is to be determined by trial courts
using their usual sound discretion. See West
Wind Africa Line v. Corpus Christi Marine S.,
834 F.2d 1232 (5th Cir. 1988) at 1237. The
clerk should adhere to the 100-mile rule in
making mileage allowance for witnesses,
leaving it to the trial judge to increase the
allowance in his discretion. See Advance
Business Systems & Supply Co. v. SCM Corp.,
287 F.Supp. 143 (1968). The witness' travel
fees are taxable pursuant to 28 U.S.C.
§1821(c)(2) and  Local Rule 54.1 (b)(4).2.
        Also,  see the order issued by the
Honorable Joseph J. Longobardi, June 11,1997
in C.A. 91-620 (District of Delaware) at
D.I. 173.

b)    Subsistence ................... $ 784.00

1) EMI objects to awarding Intel subsistence
costs for 2 days of Dr. Chung's attendance
regarding the *Markman* hearing. EMI states
that Intel's request is submitted "without
explanation".

2) EMI's initial bill of costs appears to
have sought subsistence for only 2 days
(Knoll affid., Ex. C at p. 6.). EMI's
*amended* bill of costs requests that the
subsistence claim be amended to cover 7
days.

3) The letter from Dr. Chung to Mr. Seeley
(Knoll affid., Ex. C) indicates that from
June 5,1996 to June 11, 1996 (inclusive)
Dr. Chung was in Wilmington for trial
preparation and/or participation. [It
appears that the "trial" was actually the
*Markman* hearing].

5

4) Although EMI argues to the contrary, the Clerk finds that Intel has provided sufficient proof to confirm that Dr. Chung was present within the district for the "reasonable" period of 7 days.

5) L.R. 54.1(b)(4) states, in part, that subsistence is taxable only for the reasonable period during which the witness is within the district.

6) The applicable subsistence rate for the period in question is $112.00 per day. Therefore, costs are taxed in the amount of $784.00 (7 x $112.00 a day).

IV.     Intel's request for <u>Copies of Exhibits</u> is <u>granted, in part.</u>

A.      Intel's request is divided into three categories, as follows; compensation for copies of patent documents; copies of exhibits for claim construction trial; and costs of obtaining documents from NMB litigation in a Boston court (Knoll affid., Ex. D, p.7).

B.      In support of its claims, Intel cites; L.R. 54.1(b)(5); Exhibit 1(p.29) to the amended bill of costs (DI 499); and Exhibit D to the Knoll affidavit (DI 491).

C.      EMI "objects to one component of category 1 and all of the requests in categories 2 and 3".

D.      As both sides noted, L.R.54.1(b)(5) applies.

E.      EMI does not object to copies of the '943 file history at a total cost of $64.00. Nor does EMI object to the request for "references" (21 @ .25 per page) at a total cost of $52.50. The combined cost for these two requests equals $116.50. Therefore, costs are <u>granted in the amount of $116.50.</u>

F.      As to category 1, EMI argues that the request for $150 to certify a file wrapper is not permitted by the local rules nor was a certified copy required for admission into evidence.

6

G.      Regarding categories 2 and 3, EMI argues that Intel has failed to satisfy the requirements of L.R.54.1(b)(5).

H.      The Clerk finds Intel has failed to meet the requirements of L.R. 54.1(b)(5). For example, L.R. 54.1(b)(5) does not permit costs for the certification of file wrappers. The only certification addressed in the rule is the "fee of an official for certification or proof concerning the nonexistence of a document...". Regarding exhibits, Intel provides no support that any of the exhibits were either "necessarily attached to a document required to be filed" nor that any exhibit was "admitted into evidence in lieu of an original..." as set forth in L.R.54.1(b)(5).

I.      Intel requests costs be taxed for 3 sets of exhibits and provides as support for its claim a reference to a statement made by Judge McKelvie in the Liposome case (DI 499, Ex. 1). However, Intel provides no authority to support the position that what *may* have been binding in that case is also binding in the EMI v. Intel case. Also, the Court stated (DI 499, Ex. 1, p. 30, lines 2,3), "You can come back in cases where you win and remind me of that." The cite provided by Intel, combined with the Court's comment, appears to suggest that the *Court* (not the Clerk) would consider such a request on a case by case basis. For this reason and the reasons stated in items G and H above, the request is  denied.

J.      To support their claim for costs regarding documents from the NMB litigation in Boston, Intel offers the Cherwin & Glickman billing statements appended to Exhibit D of the Knoll affidavit (DI 491). L.R. 54.1(b)(5) does not provide for such costs, and Intel has cited no other rule or authority that would allow the Clerk to tax such costs. In light of this, and EMI's objections, the request is denied.

K.      Therefore, costs for copies of exhibits are granted,in part, in the amount of $116.50.

V.      Intel requests Costs of Maps and Charts, in the total amount of $1,408.75.  Intel's request is denied.

A.      Intel  "presented" claim charts at the claim construction trial (DI 490,p.5) and seeks reimbursement

7

of these costs. Intel further states that maps and charts at issue were "used" (DI 499, p. 4) at the claim construction trial and at oral argument on summary judgment motions. In further support of its request, Intel supplies three documents found at Exhibit E of the Knoll affidavit.

B.      EMI opposes Intel's request in its entirety.

C.      L.R. 54.1(b)(6) provides that: "The cost of maps and charts is taxable if they are _admitted into evidence._" (emphasis added).

D.      Intel provides no proof that its maps and charts were "admitted into evidence." Intel merely states that they "presented" claim charts and that these were "used" at court proceedings.

E.      For the reasons stated above, Intel's request is denied.

VI.      Intel requests Interest on Costs. Interest on Costs is granted, as set forth below.

A.      Intel requests interest on costs, as set forth in the (original) bill of costs (DI 490) and at Exhibit F of the Knoll affidavit (DI 491).

B.      EMI objects to interest on costs "to the extent the interest is calculated from an amount of total costs that is based on items not properly taxable..." (DI 494, p.9).

C.      Interest on costs is permitted in accordance with 28 U.S.C. § 1961 (as amended 1982).

D.      Therefore, interest on _those costs taxed herein_, is granted.

8

The total costs hereby taxed in favor of Intel Corporation, and against EMI Group North America, Inc., together with interest thereon at the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), is as follows:

1. Trial Transcript Fees.................... DENIED

2. Deposition Costs....................... DENIED

3. Witness Fees and Expenses............. $ 846.00

4. Copies of Exhibits.....................$ 116.50

5. Costs of Maps and Charts............... DENIED
                                          _____
                      TOTAL        $   962.50


Dated:   June 13 , 2000


                              Peter T. Dalleo,  Clerk
                              U.S. District Court for the
                                 District of Delaware


                              *Brian K Blackwell*
                              By Brian K. Blackwell
                                  Deputy Clerk



cc:  The Honorable Roderick R. McKelvie
     Joanne Ceballos, Esq.
     Donald F. Parsons, Jr., Esq.
     Peter T. Dalleo, Clerk

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
for the
DISTRICT OF DELAWARE

SCHERING CORPORATION            )
                               )
                   Plaintiff,  )
     and                       )
                               )
ROUSSEL-UCLAF SA,              )
                               )
 Joined as Involuntary Plaintiff )
                               )
                               )
          v.                   )
                               )   C.A.   95-566-RRM
                               )
ZENECA INC. and                )
ZENECA HOLDINGS, INC.          )
                               )
               Defendants.     )

## CLERK'S TAXATION OF COSTS

       Defendants Zeneca, Inc. and Zeneca Holdings, Inc.
(collectively, "Zeneca") filed their bill of costs (DI 227)
February 28,1997. Zeneca seeks costs in the total amount of
$ 89,817.53. Plaintiff, Schering Corporation ("Schering") filed its
objections to the bill of costs on March 14,1997 (DI 228). Both
filings were timely. Roussel-UCLAF SA, involuntary plaintiff, has
stated no position nor submitted any filings regarding the bill of
costs.

       The Honorable Roderick R. McKelvie granted Zeneca's
motion for summary judgment by order dated February 29,1996 (DI
212). The Court's order also directed that the Clerk shall enter
judgment in favor of Zeneca on all claims asserted by Schering in
its complaint.  As reflected in the judgment filed January 13,1997
(DI 224), the Federal Circuit Court of Appeals affirmed Judge
McKelvie's decision. The matter is now before the Clerk for
determination of costs.

       Having reviewed the bill of costs and objections thereto,
it is

       O R D E R E D, that

1

I.      Zeneca's request that the <u>Costs of Depositions</u> be taxed in the total amount of $ 31,976.44 is hereby <u>**DENIED**</u>.

A.      Local Rule 54.1 (b)(3) provides in part:

"The reporter's reasonable charge for the original of a deposition and the reasonable cost of taking and presenting a videotaped deposition at trial are taxable only where a substantial portion of the deposition is admitted into evidence at trial or otherwise used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition... witness fees for a deposition are taxable at the same rate for attendance at trial where the cost of the deposition is taxable."

B.      Local Rule 54.1 (a)(2)  provides:
"Such bill of costs shall distinctly set forth each item of cost so that the nature of the charge can be readily understood and otherwise shall comply with the provisions of 28 U.S.C. § 1924."

C.      Zeneca requests costs for thirteen depositions in the amount of $ 18,440.34 on the licensing issue. Regarding other issues, Zeneca seeks $ 13,536.10 for ten depositions. Zeneca claims the costs are for depositions "either admitted into evidence" or "otherwise used in the resolution" of issues in this case. As part of the costs it seeks, Zeneca requests costs for expedited transcripts.

D.      Zeneca's claims for costs are submitted in the form of two lists (DI 227, pp. 2,3) and accompanying exhibits (DI 227, Ex. 1-16).  The exhibits appear to be invoices and/or related documents.

E.      Schering objects (DI 228, pp.6-8) to the costs on various grounds. Schering argues, in part, that Zeneca fails to comply with L.R. 54.1(b)(3). Schering also argues that even if the depositions were taxable, they would not be taxable at the rate requested by Zeneca.

F.      Zeneca's exhibits reflect costs for more than the "reasonable charge for the original of a

2

deposition...". For example, the majority of the exhibits reflect costs for the original, one copy and/or daily copy (i.e., Ex. 1, 2, 3,...). These requests do not comply with L.R. 54.1 (b)(3).

G.    Certain exhibits (i.e., Ex. 4,5) submitted in support of Zeneca's claims also fail to " distinctly set forth each item of cost so that the nature of the charge can be readily understood...", as set forth in L.R. 54.1 (a)(2).

H.    Zeneca argues that certain depositions were admitted into evidence. However, Zeneca fails to indicate which depositions were admitted into evidence. Also, L.R. 54.1 (b)(3) states deposition costs are taxable "only where a substantial portion of the deposition is admitted at trial...". Zeneca submits no proof that a "substantial" portion of the deposition(s) were admitted. Additionally, the record reflects that there was no "trial" in this matter.

I.    Zeneca does not indicate which, if any, depositions were used in the resolution of issues. Furthermore, Zeneca offers no proof that any deposition(s) were used in the resolution of "material" issues. L.R. 54.1(b)(3) states that the deposition must be used in the resolution of a "material" issue.

J.    For the reasons noted above, and in accordance with L.R. 54.1(b)(3) and L.R. 54.1 (a)(2), Zeneca's requests for deposition costs are **DENIED**.

II.    Zeneca's requests for <u>interpreter fees</u> in the amount of $1,882.18 is **DENIED**.

A.    Zeneca requests interpreter fees and travel expenses regarding three depositions (DI 227, p.4).

B.    Schering argues that none of the depositions in question were necessary to the case. Therefore, the interpreter fees should not be collected.

C.    L.R. 54.1(b)(3) states in part: " A reasonable fee for a necessary interpreter at the taking of such deposition is also taxable." It appears that the "taking of such deposition " allows for taxing of interpreter fees only when deposition costs are taxable. As noted

above, the taxing of deposition costs is denied. Therefore, the taxing of interpreter fees is also DENIED.

III.    Zeneca requests that costs for certain Hearing Witnesses be taxed in the total amount of $ 29,598.29. It requests costs of $ 14,228.37 for the licensing hearing and $ 15,369.92 for the preliminary injunction hearing. The requests are GRANTED, in part, and reduced as set forth below.

A.    Local Rule 54.1 (b)(4) provides:

The rates for witness fees, mileage and subsistence are fixed by statute (see 28 U.S.C. § 1821). Such fees are taxable even though the witness does not take the stand, provided the witness necessarily attends the Court. Such fees are taxable even though the witness attends voluntarily upon request and is not under subpoena. Witness fees and subsistence are taxable only for the reasonable period during which the witness is within the district.

Subsistence to the witness under 28 U.S.C. § 1821 is allowable if the distance from the Court to the residence of the witness is such that mileage fees would be greater than subsistence fees, if the witness were to return to his/her residence from day to day.

No party shall receive witness fees for testifying in its own behalf, but this shall not apply where a party is subpoenaed to attend court by the opposing party. Witness fees for officers of a corporation are taxable if the officers are not defendants and recovery is not sought against the officers individually. Unless otherwise provided by statute, fees of expert witnesses are not taxable in an amount greater than that statutorily allowable for ordinary witnesses. The reasonable fee of a competent interpreter is taxable if the fee of the witness involved is taxable.

B.    Local Rule 54.1 (a)(2) provides:
"Such bill of costs shall distinctly set forth each item of cost so that the nature of the charge can be readily understood and otherwise shall comply with the provisions of 28 U.S.C. § 1924."

C.    Schering opposes Zeneca's requests.

D.    Witness fees are taxed as follows:

4

1.    Joseph K. Andonian ----

    a)    Witness Fees...................$ 40.00
Zeneca requests that witness fees be allowed
in the amount of $ 40.00 (1 day x $40 ea.).
This request is granted as there is no dispute
that Mr. Andonian did attend the Court.

    b)    Travel .......................$ 50.00
Schering objects, at least in part, to this
request.

It appears that Mr. Andonian travelled to
Wilmington, DE from Michigan. Zeneca requests
it be reimbursed for travel costs in the
amount of $ 725.00. The request is hereby
reduced to $50.00. The above consists of one
(1) round trip of 100 miles each way (200 x
$.25 = $50.00). The current status of the law
appears to indicate that the taxation of
witness travel costs should be limited to 100
miles absent special circumstances which
include, but are not limited to, the relevance
and necessity of the witnesses' testimony and
the existence of court approval before the
incurrence of travel expenses. See Goodwin
Brothers Leasing, Inc. v. Citizens Bank, 587
F.2d 730 (5th Cir. 1979) at 734. The
allowance of expenses for travelling a
distance in excess of one hundred miles is to
be determined by trial courts using their
usual sound discretion. See West Wind Africa
Line v. Corpus Christi Marine S., 834 F.2d
1232 (5th Cir. 1988) at 1237. The clerk
should adhere to the 100-mile rule in making
mileage allowance for witnesses, leaving it to
the trial judge to increase the allowance in
his discretion. See Advance Business Systems
& Supply Co. v. SCM Corp., 287 F.Supp. 143
(1968). The witness' travel fees are taxable
pursuant to 28 U.S.C. §1821(c)(2) and Local
Rule 54.1 (b)(4).2.

    **Also,** see the order issued by the
Honorable Joseph J. Longobardi, June 11, 1997
in C.A. 91-620 (District of Delaware) at
D.I. 173.

    Additionally, Zeneca's request fails
to comply with L.R. 54.1(a)(2). The nature of
the charges is unclear. However, it appears
that Mr. Andonian resides in Michigan and
travelled over 100 miles to the courthouse.
As such, costs are taxed as reflected above.

c)    Subsistence ................... $ 112.00
Zeneca correctly notes that the applicable,
daily, subsistence allowance is $ 112.00.
As the witness was in attendance for one day,
he is entitled to the subsistence. The request
is **GRANTED**.

2.    <u>Andrew Z. Gorecki</u> ----

a)    Witness Fees......................$ 00.00
Zeneca requests no witness fees.

b)    Travel ...........................$50.00
See D.1 b) above.

c)    Subsistence ..................... $ 112.00
See D.1 c) above.

3.    <u>Dr. Robert D. Nolan</u> ----

a)    Witness Fees......................$ 00.00
Zeneca requests no witness fees.

b)    Travel ...........................$50.00
See D.1 b) above.
Schering opposes this request, arguing that
Zeneca failed to establish that the witness
was in attendance at the hearing. Mileage and
subsistence are "taxable even though the
witness does not take the stand, provided
the witness necessarily attends the Court."
[See L.R. 54.1(b)(4)]. Zeneca states that the
witness was present but did not testify due to
time constraints. It appears that the witness
was present and prepared to testify. As such,
the witness is deemed to have "necessarily"
attended the hearing.

c)    Subsistence ..................... $ 112.00
See D.1 c) above.

6

4.      <u>Joseph Orsini</u> ----

   a)    Witness Fees...........................$ 00.00
         Zeneca requests no witness fees.

   b)    Travel ...............................$ 00.00
         Zeneca's request for $ 5655.01 is DENIED.

   c)    Subsistence .......................... $ 00.00
         Zeneca's request for $ 112.00 is DENIED.

   d)    Mr. Orsini was Roussel's witness.
         Zeneca reimbursed Roussel for Mr. Orsini's
         expenses regarding testimony at both hearings.

   e)    Schering opposes the request.

   f)    L.R. 54.1(b)(4) provides the Clerk with no
         authority for awarding these costs.

   g)    Zeneca has provided no basis for the awarding
         of the costs in accordance with L.R.
         54.1(b)(10).


5.      <u>Dr. K. Jack Geller</u> ----

   a)    Witness Fees..........................$ 120.00
         See D.1 a) above.

   b)    Travel ...............................$50.00
         See D.1 b)  above.

   c)    Subsistence ......................... $ 336.00
         See D.1 c) above.


6.      <u>Dr. Mark S. Soloway</u> ----

   a)    Witness Fees..........................$ 80.00
         See D.1 a) above.

   b)    Travel................................$50.00
         See D.1 b)  above.

   c)    Subsistence ......................... $ 224.00
         See D.1 c) above.

7.        <u>Dr. Barrington J.A. Furr</u> ----

    a)   Witness Fees...........................$ 00.00
       Zeneca requests no witness fees.

    b)   Travel................................$50.00
       See D.1 b) above.

    c)   Subsistence ......................... $ 336.00
       See D.1 c) above.


8.        <u>Dr. Guy Bernstein</u> ----

    a)   Witness Fees..........................$ 120.00
       See D.1 a) above.

    b)   Travel ...............................$ 00.00
       Zeneca requests no travel fees.

    c)   Subsistence ......................... $ 00.00
       Zeneca requests no subsistence fees.


9.        <u>Dr. Michael Dukes</u> ----

    a)   Witness Fees..........................$ 00.00
       Zeneca seeks no witness fees.

    b)   Travel ...............................$50.00
       See D.1 b) above.

    c)   Subsistence ......................... $ 336.00
       See D.1 c) above.


10.   <u>Dr. Andre Ulmann</u> ----

    a)   Witness Fees..........................$ 00.00
       Zeneca requests no witness fees.

    b)   Travel ...............................$ 00.00
       Zeneca's request for $ 4827.54 is DENIED.

    c)   Subsistence ......................... $ 00.00
       Zeneca's request for $ 112.00 is DENIED.

d)  Dr. Ulmann was Roussel's witness.
    Zeneca reimbursed Roussel for Dr. Ulmann's
    expenses regarding testimony at both hearings.

e)  Schering opposes the request.

f)  L.R. 54.1(b)(4) provides the Clerk with no
    authority for awarding these costs.

g)  Zeneca has provided no basis for the awarding
    of the costs in accordance with L.R.
    54.1(b)(10).

IV.    Zeneca requests costs for the transcript of the
licensing hearing. The amount requested is $ 1864.65.
For the reasons set forth below, the request is **DENIED**.

A.  Schering objects to the request.

B.  Local Rule 54.1(b)(2) provides:
    (2) Fees Incident to Transcripts  --  Trial
    Transcripts. The cost of the originals of a trial
    transcript , a daily transcript and of a transcript
    of matters prior or subsequent to trial furnished
    the Court is taxable, when either requested by the
    Court, or prepared pursuant to stipulation. Mere
    acceptance by the Court does not constitute a
    request. Copies of transcripts for counsel's own
    use are not taxable.

C.  Zeneca fails to provide proof that the transcripts
    were "either requested by the Court, or prepared
    pursuant to stipulation." Zeneca states (DI 227,
    p.7) that the transcripts were for their use to
    complete "post-hearing briefs". L.R. 54.1(b)(2)
    precludes taxing costs when "transcripts are for
    counsel's own use".

D.  Zeneca's request is <u>DENIED.</u>

V.    Zeneca requests that <u>Costs for Charts</u>
be taxed in the total amount of $ 25,055.77.
The amounts sought are  $ 5,487.53 for the
licensing hearing and $ 19,568.24 for the preliminary
injunction hearing.  Both requests are <u>DENIED</u>.

9

A.    Schering objects to the requests on various grounds.

B.    Zeneca requests costs "of charts prepared for use at" the hearings (DI 227, p. 7). Zeneca offers no proof that the charts were admitted into evidence, as required by L.R. 54.1(b)(6). Nor does Zeneca's request "distinctly set forth" [L.R. 54.1(a)(2)] the size and type of charts. As such, Zeneca has failed to meet the requirements set forth in L.R. 54.1(b)(6).

C.    For the reasons noted above, Zeneca's requests are DENIED.


     The total amount of costs hereby taxed in favor of defendants, ZENECA, INC. and ZENECA HOLDINGS, INC., and against the plaintiff, SCHERING CORPORATION, together with interest thereon at the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), is as follows:

1.    Deposition Costs ....................... DENIED

2.    Interpreter Fees........................ DENIED

3.    Hearing Witness Fees.................... $ 2,278.00

4.    Transcript Costs........................ DENIED

5.    Charts and Photographs................. DENIED

                                    _____

                          TOTAL        $ 2,278.00

Dated:    February  4 ,1998



                                        Peter T. Dalleo,  Clerk
                                        U.S. District Court for the
                                           District of Delaware


                                        _Brian K Blackwell_
                                        By Brian K. Blackwell
                                           Deputy Clerk




cc:    The Honorable Roderick R. McKelvie
       Jack B. Blumenfeld, Esq.
       Steven J. Balick, Esq.
       Gerard M. O'Rourke, Esq.
       Peter T. Dalleo, Clerk




                                        FILED

                                   FEB  4 1998

                              CLERK, U.S. DISTRICT COURT
                                DISTRICT OF DELAWARE