UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DENTSPLY INTERNATIONAL, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)   Civil Action No. 99-005 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES' RESPONSE TO DEFENDANT'S
OBJECTIONS TO BILL OF COSTS**

The United States submits the following response to Defendant Dentsply International, Inc.'s ("Dentsply") objections to the United States' Bill of Costs.

**I.     Trial Transcripts**

Costs are taxable under 28 U.S.C. § 1920(2) for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." According to Local Rule 54.1(b)(2), the cost of trial transcripts are taxable, "when either requested by the Court, or prepared pursuant to stipulation."

In Studiengesellschaft Kohle M.B.H. v. Dart Industries, Inc., Civ. A. No. 3952-CMW, 1989 WL 71757, *3 (D.Del. June 21, 1989), the Court held that although an explicit request by the Court is preferred, an implied request of the Court is sufficient to support an award of costs. In that case, the court taxed the costs of trial transcripts because "[t]he required Findings of Fact and Conclusions of Law and the post-trial papers on the damages issue 'could not have been adequately presented without reference to the transcript.'" Id. (citation omitted). Moreover, "a

district court may overlook the lack of prior approval if the case is complex and the transcripts proved invaluable to both the counsel and the court." Manildra Milling Corporation v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996) (citation omitted).

In this case, all of these reasons to tax the costs of the trial transcript apply. The District Court impliedly requested that the trial transcript be prepared. On the first day of trial, before opening statements, the Court stated, "[I]t's really a lot easier for me to look at two sources, the documents you submit and the trial transcript." Tr. at 14. The Court also stated that "my preference has always been that I have two sources: I have the trial transcript. I have documents." Tr. at 15. Both parties cited the transcript extensively in their post-trial papers. Similarly, the District Court cited it extensively in its opinion.

Dentsply cites two cases in support of its argument that the trial transcript costs should not be taxed. EMI Group North America, Inc. v. Intel Corp., C.A. 95-199 (D.Del. June 13, 2000); Schering Corp. v. Zeneca Inc., C.A. 95-566-RPM (D.Del. Feb. 4, 1998). But in those cases, there was no evidence of an express or implied request by the Court. In EMI, the prevailing party relied on a request by the same district court judge in a different case to support its argument that the judge wanted a trial transcript prepared in its case. And the Schering case did not even proceed to trial; the issue there was whether the prevailing party was entitled to the costs of a transcript of a pretrial hearing.

Therefore, the United States should recover the full $25,408.50 it incurred for the trial transcript in this case.

**II.     Depositions**

Dentsply objects to the United States' request for reimbursement for certain deposition transcripts on two grounds.  First, Dentsply contends that the deposition costs for 24 witnesses should not be taxed because their deposition testimony was not introduced at trial.  Yet deposition costs are regularly taxed under 28 U.S.C. § 1920 regardless of whether any portion of the deposition is admitted into evidence.[1]  Deposition costs should be taxed so long as the subject matter of the deposition, at the time the deposition was taken, was not so irrelevant as to be outside the bound of discovery.[2]

The deposition costs for the 19 witnesses who testified live at trial (nine for the United States, and 10 for Dentsply) is particularly justified.  Deposition transcripts for a witness testifying live at trial are critical for a counsel's preparation of a direct or cross examination.  Hurley v. Atlantic City Police Department, Civ. A. Nos. 93-260, 94-1122, 1996 WL 549298, *5 (D.N.J. 1996).  The $30,904.81 cost for the depositions of these 19 live trial witnesses should be taxed.  See Dentsply's Objections, Exh. A (listing the 19 witnesses and itemizing the cost for each).

Second, Dentsply contends that the deposition costs for 23 witnesses should not be taxed because only a small portion of their deposition transcript was read into the record.  Yet it was Dentsply, not the United States, that went out of its way to introduce the vast majority of these

---

[1] See, e.g., Fitchett v. Stroehmann Bakeries, Inc., No. Civ. A. 95-284, 1996 WL 47977, *3 (E.D.Pa. Feb. 5, 1996) ("the party requesting the costs need not introduce the deposition at trial"); Card v. State Farm Fire and Casualty Company, 126 F.R.D. 658, 661 (N.D.Miss. 1989) ("Deposition costs may be taxed even if the deposition is not introduced at trial").

[2] See, e.g., United States Equal Opportunity Commission v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000); National Bancard Corporation v. VISA, U.S.A., INC., 112 F.R.D. 62, 66 (S.D.Fla. 1986).

excerpts into the record. On July 26, 2002, well after trial ended, Dentsply filed a notice of intent to file 84 separate deposition transcripts with the court. D.I. 464. In response, Judge Robinson reopened the record and permitted Dentsply to read into the record portions of those transcripts. Dentsply did so on September 3, 2002. Tr. 4163-4379. Of the 23 depositions at issue, excerpts from 21 of them were read into the record by Dentsply during this special, post-trial session. Compare Dentsply Objections, Exh. A at 2 with Tr. 4379-80. Having asserted the importance of this deposition testimony back in 2002, Dentsply should not now contend that this testimony was not important to resolving material issues in this case. The $17,574.42 cost for the 21 depositions that Dentsply read into the record on September 3, 2002 should be taxed.

Therefore, the United States should recover a total of $51,012.06 in deposition costs – the $30,904.81 for the depositions of live trial witnesses, the $17,574.42 for the depositions Dentsply read into the record, and the $2,532.83 that Dentsply is not contesting. The United States withdraws its request for the additional $3,617.66 it initially requested in its Bill of Costs.

### III. Fees for Exemplification – Court Exhibits

A small number of demonstrative exhibits were prepared for the Court's convenience, to illustrate certain points made during the United States' Opening Statement and during witness examinations. Some courts have permitted recovery of the costs of such exhibits. E.g., Rogal v. American Broadcasting Companies, Inc., Civ. A. No. 89-5235, 1994 WL 268250, *2 (E.D.Pa. June 15, 1994). The United States renews its request for the $1,095.00 it incurred to prepare these demonstrative exhibits.

4

### IV.     Fees for Exemplification – Courtroom Equipment

The United States, with Dentsply, rented several pieces of technological equipment (e.g., an overhead projector, a tripod screen, flat screen monitors) to display exhibits and portions of videotaped depositions for the Court's convenience. As with demonstrative exhibits, some courts have held that these costs are recoverable. Cefalu v. Village of Elk Grove, 211 F.3d 416, 428 (7th Cir. 2000) ("So long as the means of presentation furthers the illustrative purpose of an exhibit, we believe it is potentially compensable as exemplification"). The United States renews its request for the $1,112.50 it incurred in renting this equipment.

### V.     Copies: Fees for Dentsply Documents Produced During Discovery

Dentsply argues that the costs of documents produced by Dentsply in discovery are not taxable because relatively few were introduced into evidence. Yet a court in this District has held that the prevailing party is entitled to recover the costs associated with document production, without regard to the number of documents ultimately admitted into evidence. Schering Corp. v. Amgen, Inc., 198 F.R.D. 422, 428 (D.Del. 2001) ("[c]opying documents in response to a discovery request is, by its nature, necessary for use in preparing Schering's case"). The United States renews its request for the $20,627.12 it incurred in the production of Dentsply's documents.

### VI.     Copies: Fees for Ivoclar Documents Produced During Discovery

Similarly, Dentsply argues that the costs related to the production of documents from its closest competitor, Ivoclar, in discovery are not taxable because few were actually admitted at trial. For the same reasons, the United States is entitled to recover the $7,694.25 it incurred to obtain these documents.

**VII.** **Conclusion**

Costs should be taxed against Dentsply in the amount of $109,954.32 – $3,617.66 less than that set forth in the initial Bill of Costs, to reflect the exclusion of certain deposition transcripts.

Dated: July 6, 2005                                                    Respectfully submitted,

                                                                              /S/
                                                                        Jon B. Jacobs
                                                                        Antitrust Division
                                                                        U.S. Department of Justice
                                                                        1401 H Street, N.W., Suite 4000
                                                                        Washington, D.C.  20530
                                                                        (202) 514-5012


                                                                        COLM CONNOLLY
                                                                        United States Attorney

                                                            By:              /S/
                                                                        RUDOLPH CONTRERAS
                                                                        Chief, Civil Division
                                                                        Office of the United States Attorney
                                                                        1007 N. Orange Street, Suite 700
                                                                        Wilmington, DE 19899-2046

## CERTIFICATE OF SERVICE

We hereby certify that copies of the "United States' Response to Defendant's Objections to Bill of Costs" were served this 6th day of July 2005, upon counsel for defendant Dentsply International, Inc. as indicated below:

<u>By hand delivery and electronic mail</u>
Margaret M. Zwisler, Esq.
Eric J. McCarthy, Esq.
Latham & Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

<u>By first-class mail and electronic mail</u>
William D. Johnston, Esq.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

                                                                                       /S/
Jon B. Jacobs
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 4000
Washington, D.C. 20530


COLM CONNOLLY
United States Attorney

By:          /S/
     RUDOLPH CONTRERAS
     Assistant U.S. Attorney
     Chief, Civil Division