UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 99-005 (SLR) |
| vs. | ) ) ) | |
| DENTSPLY INTERNATIONAL, INC., | ) ) | |
| Defendant. | ) ) | |

# UNITED STATES' BRIEF IN SUPPORT OF ITS
# MOTION TO ENTER FINAL JUDGMENT

Dated: September 16, 2005

COUNSEL FOR PLAINTIFF
UNITED STATES OF AMERICA

COLM CONNOLLY
United States Attorney

RUDOLPH CONTRERAS
Chief, Civil Division
Office of the United States Attorney
1007 N. Orange Street, Suite 700
Wilmington, DE 19899-2046
(302) 573-6277, ext. 154

Jon B. Jacobs
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 4000
Washington, D.C.  20530
(202) 514-5012

**TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF THE PROCEEDING | 1 |
| SUMMARY OF ARGUMENT | 2 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 3 |
| I.  Legal Standards for Effective Injunctive Relief | 3 |
| II. The Proposed Injunctive Relief is Necessary to Achieve an Effective Remedy | 4 |
| CONCLUSION | 8 |

## **TABLE OF AUTHORITIES**

**Cases** **Page**

International Salt Co. v. United States, 332 U.S. 392 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Ford Motor Co. v. United States, 405 U.S. 562 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

National Soc'y of Prof'l Eng'rs v. United States, 435 U.S. 679 (1978) . . . . . . . . . . . . . . . . . . . 3

Schine Chain Theatres, Inc. v. United States, 334 U.S. 110 (1948) . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Dentsply Int'l, Inc., 399 F.3d 181 (3d Cir. 2005) . . . . . . . . . . . . . . . . . *passim*

United States v. Dentsply Int'l, Inc., 277 F. Supp.2d 387 (D. Del. 2003) . . . . . . . . . . . . *passim*

United States v. E. I. DuPont de Nemours & Co., 366 U.S. 316 (1961) . . . . . . . . . . . . . . . . 3, 4

United States v. Glaxo Group Ltd., 410 U.S. 52 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. United States Gypsum Co., 340 U.S. 76 (1950) . . . . . . . . . . . . . . . . . . . . . . . 3

Zenith Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969) . . . . . . . . . . . . . . . . . . . . . . . . 3

## NATURE AND STAGE OF THE PROCEEDING

On January 5, 1999, the United States filed this case against Dentsply International, Inc. ("Dentsply"), to prevent Dentsply from continuing to violate the antitrust laws by denying competing tooth manufacturers access to independent tooth dealers and maintaining its monopoly in the prefabricated artificial tooth market. (D.I. 1.) After a bench trial, this Court held that Dentsply's conduct did not violate Section 1 or 2 of the Sherman Act or Section 3 of the Clayton Act, and entered judgment for Dentsply. United States v. Dentsply Int'l, Inc., 277 F. Supp.2d 387 (D. Del. 2003). The United States appealed and, on February 24, 2005, the United States Court of Appeals for the Third Circuit reversed, holding that Dentsply's conduct did violate Section 2 of the Sherman Act. United States v. Dentsply Int'l, Inc., 399 F.3d 181, 194 (3d Cir. 2005). Dentsply elected not to seek a stay of the Third Circuit's mandate. On May 26, 2005, that mandate issued, remanding this case to this Court "for entry of injunctive relief requested by the Government and for such other proceedings as are consistent with [the Third Circuit's] Opinion." (D.I. 534.) On September 14, 2005, Dentsply filed a petition for a writ of certiorari with the United States Supreme Court.

The United States now moves for the entry of its proposed Final Judgment, incorporating injunctive relief designed to stop Dentsply's unlawful conduct and prevent it from replicating that conduct's exclusionary effects through other means.[1]

---

[1] The United States provided a draft of this proposed Final Judgment to Dentsply, discussed Dentsply's concerns with certain provisions of that draft with its counsel, and modified some of the provisions in response to those concerns.

## SUMMARY OF ARGUMENT

Dentsply has violated Section 2 of the Sherman Act, 15 U.S.C. § 2, by unlawfully maintaining its monopoly power in the artificial tooth market through a seventeen-year campaign to exclude its closest competitors from the dental laboratory dealers that are necessary to compete effectively in the market. Effective injunctive relief in this kind of antitrust case must end the violation, avoid a recurrence of it, and restore competition in the market. This Court need not limit its remedy to enjoining the specific conduct that was challenged, but may also prohibit otherwise lawful conduct if doing so is a reasonable method of addressing the effects of Dentsply's conduct. The injunctive relief set forth in the United States' proposed Final Judgment is necessary to remedy the competitive harm caused by Dentsply's exclusionary behavior.

## STATEMENT OF FACTS

Dentsply possesses monopoly power in the artificial tooth market. Dentsply, 399 F.3d at 187-191. Since 1988, Dentsply has terminated, or threatened to terminate, any dealer selling its teeth that has started selling a competing tooth brand. Dentsply, 277 F. Supp.2d at 414-18. On several occasions, it has also required dealers to drop some, or all, competing tooth brands in order to become an authorized Dentsply tooth dealer. Id. at 412-14. Dentsply's enforcement of these exclusionary policies has been "longtime, vigorous and successful." Dentsply, 399 F.3d at 194. The express purpose of these actions was exclusionary, and the justification that Dentsply proffered for them at trial was pretextual. Id. at 196-97; 277 F. Supp.2d at 419-21, 440-48.

**ARGUMENT**

I.      **Legal Standards for Effective Injunctive Relief**

Effective injunctive relief in an antitrust case like this one must not only end the violation, but also "avoid a recurrence of the violation" and others like it, and restore competition in the market.  National Soc'y of Prof'l Eng'rs v. United States, 435 U.S. 679, 697 (1978); Ford Motor Co. v. United States, 405 U.S. 562, 573 (1972); United States v. E. I. DuPont de Nemours & Co., 366 U.S. 316, 326 (1961).  This Court need not limit its remedy to enjoining the particular conduct that was challenged.  It may "restrain acts which are of the same type or class as the unlawful acts which the court has found to have been committed or whose commission in the future, unless enjoined, may fairly be anticipated from the defendant's conduct in the past."  Zenith Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 132 (1969) (quoting NLRB v. Express Publ'g Co., 312 U.S. 426, 435 (1941)).  The Court may even prohibit otherwise lawful conduct if it "represents a reasonable method of eliminating the consequences of the illegal conduct" or preventing its resumption.  National Soc'y of Prof'l Eng'rs, 435 U.S. at 698.  Accord E. I. DuPont de Nemours & Co., 366 U.S. at 327; International Salt Co. v. United States, 332 U.S. 392, 400 (1947).

This Court's injunction should be crafted to fully remedy Dentsply's violation and prevent similar misconduct in the future.  "A trial court upon a finding of a conspiracy in restraint of trade and a monopoly has the duty to compel action by the [defendant] that will, so far as practicable, cure the ill effects of the illegal conduct, and assure the public freedom from its continuance." United States v. United States Gypsum Co., 340 U.S. 76, 88 (1950); accord United States v. Glaxo Group Ltd., 410 U.S. 52, 64 (1973); Schine Chain Theatres, Inc. v. United

States, 334 U.S. 110, 128-29 (1948). "[O]nce the Government has successfully borne the considerable burden of establishing a violation of law, all doubts as to the remedy are to be resolved in its favor." E.I. du Pont de Nemours & Co., 366 U.S. at 334. See also, Ford Motor Co., 405 U.S. at 575.

## II.   The Proposed Injunctive Relief is Necessary to Achieve an Effective Remedy

Dentsply's Dealer Criterion 6, which states that "dealers that are recognized as authorized tooth distributors may not add further tooth lines to their product offering," was formally adopted in 1993 and was Dentsply's primary tool for preventing its competitors from building effective dealer networks. 399 F.3d at 191 ("Dealer Criterion 6 is a solid pillar of harm to competition"); 277 F. Supp.2d at 412. The proposed Final Judgment would enjoin Dentsply from continuing to enforce Dealer Criterion 6, or in any way conditioning the sale of its teeth or other products to any dealer based on that dealer's sale of competing tooth brands or its consideration of whether to sell competing brands. United States' Proposed Final Judgment ("US PFJ") §§ I (A), (B)(1).[2]

Dentsply would also be enjoined from retaliating against dealers for selling competing brands, including by selling teeth or other products to them on less favorable terms, providing less training or other services to them, and steering lab customers away from them and towards other, more favored dealers. US PFJ § I (B)(2)-(6). The prohibition against Dentsply using its substantial non-tooth business as leverage against dealers (*e.g.,* the "other products" language in Sections I (A), (B)) is included because Dentsply has done exactly that in the past. 399 F.3d at

---

[2] In addition to Dealer Criterion 6, the United States challenged Dentsply's closely related practice of coercing dealers to drop some, or all, competing tooth brands in order to become authorized Dentsply tooth dealers. 277 F. Supp.2d at 390, 413-14. The proposed Final Judgment prohibits Dentsply from entering into such agreements with new dealers, as well as any agreements (with new or current dealers) requiring exclusivity. US PFJ § I (C), (D).

190; 277 F. Supp.2d at 419-20 (Dentsply terminated Frink and Trinity, and threatened to terminate DLDS, as merchandise dealers).[3]  The proposed decree also prohibits Dentsply from offering "market-share discounts," price breaks conditioned on a dealer maintaining its Dentsply tooth sales as a certain percentage of its overall tooth sales. US PFJ § I (D). Such exclusivity incentive programs could be used by Dentsply to replicate the exclusionary effects of Dealer Criterion 6.

Under the proposed decree, Dentsply may not use the fact that a dealer's sales of Dentsply teeth has declined as a basis for termination if that dealer also sells non-Dentsply teeth. US PFJ § I (H). Dealer Criterion 6 has had "a significant effect in preserving Dentsply's monopoly" by suppressing sales of competing tooth brands. 399 F.3d at 191. Once Dealer Criterion 6 is enjoined, Dentsply's tooth sales through its non-exclusive dealers should decline. This is not a speculative prediction. Dentsply's own high-level executives testified at trial that Dentsply's market share would fall if Dealer Criterion 6 was enjoined.[4]  Thus, Dentsply should not be able to use a decline in its tooth sales through a non-exclusive dealer as a basis for terminating that dealer. And that should include *all* non-exclusive dealers, not just those that start selling competing brands after the Final Judgment has been entered. As this Court found, Dentsply's competitors are likely to increase their promotion and marketing if Dealer Criterion 6 is enjoined.

---

[3] Many examples of Dentsply's enforcement of Dealer Criterion 6 involved *threats* of terminating dealers that were *considering* selling rival tooth brands. 277 F. Supp.2d at 414-18 (Zahn in 1988; Atlanta in 1994; DLDS in 1994; Thompson in 2000; Patterson in 2000). For that reason, the proposed Final Judgment would prohibit Dentsply from threatening dealers with retaliatory actions, and protect not only dealers that have actually taken on rival lines but those considering whether to do so. US PFJ § I (A), (B).

[4] Miles Tr. 3513 ("[t]hat's true"); Clark Tr. 2584 ("[w]e certainly felt that our market share would go down"); Brennan Tr. 1718 ("we would lose market share").

277 F. Supp.2d at 446. Therefore, the demand for "grandfathered" brands such as Myerson may increase even for dealers that already sell Myerson teeth and have so for years. Those dealers should not be forced to restrain their sales of competing tooth brands out of the fear of possible termination.[5]

The proposed Final Judgment prohibits Dentsply from discriminating among its tooth dealers on the basis of price (with certain exceptions), or in the amount or type of training, education and other services provided to them. US PFJ § I (F), (G). Dentsply would also be required to apply and enforce its new dealer criteria in a non-discriminatory manner. Id. § I (E). These anti-discrimination provisions would govern Dentsply's relations with all of its tooth dealers and will help to ensure that Dentsply does not deter dealers from adding a rival tooth brand. They will also facilitate the decree's enforcement when necessary. In some circumstances, it might be difficult to determine the precise reasons why Dentsply is selling teeth to one dealer at a higher price than another, or providing less training to one dealer than another. These provisions, requiring Dentsply to treat all of its tooth dealers the same, will better ensure that Dentsply does not violate the Final Judgment by disfavoring non-exclusive dealers for pretextual reasons. Dentsply should also be able to comply with these anti-discrimination provisions fairly readily. Throughout the litigation, Dentsply was adamant in its position that it already treats all of its tooth dealers, exclusive and non-exclusive alike, the same. 277 F. Supp.2d at 447-48.

---

[5] Nor should this provision impose any unreasonable burden on Dentsply. The record in this case canvassed Dentsply's relationship with its dealers for more than fifteen years and there is little, if any, evidence of Dentsply's disparate treatment, much less termination, of a dealer due to falling or poor sales.

Within thirty days of the Final Judgment's entry, Dentsply would be required to distribute its new dealer criteria to its tooth dealers, along with an explanation that Dealer Criterion 6 has been removed.  US PFJ § I (E).  If Dentsply wishes to terminate a dealer – of its teeth or other products – during the term of the decree, it would be required to give sixty days notice and a detailed description of the reasons for the termination to both the United States and the affected dealer.  Id. § I (H).  The United States requires such notice before a proposed termination occurs in order to investigate adequately whether the termination would violate the Final Judgment.  The United States would protect the confidentiality of any information provided to it from public disclosure as required under the Freedom of Information Act.  US PFJ § IV (E).

Unless this Court orders an extension, the proposed Final Judgment expires ten years after it becomes effective.  US PFJ § VIII.  The ten-year term is the standard length sought by the United States in its litigated antitrust cases.  While the United States has obtained shorter injunctions in antitrust cases depending on the particular facts and circumstances, a ten-year decree is reasonable in this case.  Dentsply's unlawful conduct has continued for at least seventeen years.  It was motivated by an expressly anticompetitive purpose, and Dentsply offered a purely pretextual business justification for it.  399 F.3d at 196-97; 277 F. Supp.2d at 419-21, 440-48.  As the Court of Appeals noted, the artificial tooth market is neither "dynamic" nor "volatile."  399 F.3d at 196.  "The economic impact of [Dentsply's] exclusive dealing arrangement is amplified in the stagnant, no growth context of the artificial tooth field."  Id.  Therefore, a ten-year decree is necessary to give the market sufficient time to restore the competition that has been lost due to Dentsply's conduct.

**CONCLUSION**

For the foregoing reasons, this Court should enter the United States' proposed Final Judgment.

Dated: September 16, 2005

Respectfully submitted,

COLM CONNOLLY
United States Attorney

/S/
RUDOLPH CONTRERAS
Chief, Civil Division
Office of the United States Attorney
1007 N. Orange Street, Suite 700
Wilmington, DE 19899-2046
(302) 573-6277, ext. 154

/S/
Jon B. Jacobs
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 4000
Washington, D.C. 20530
(202) 514-5012