

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

| | |
|---|---|
| *1007 N.Orange Street, Suite 700* | *(302) 573-6277* |
| *P.O. Box 2046* | *FAX (302) 573-6220* |
| *Wilmington, Delaware 19899-2046* | *TTY (302) 573- 6274* |
| | *Toll Free (888) 293-8162* |

September 23, 2005

**BY ELECTRONIC FILING**

The Honorable Sue L. Robinson
Chief United States District Judge
6124 J. Caleb Boggs Federal Bldg.
844 King Street
Wilmington, Delaware 19801

    Re:    <u>United States v. Dentsply International, Inc.</u>; C.A. No. 99-005 (D. Del.)(SLR)

Dear Chief Judge Robinson:

    In advance of Monday morning's telephone conference on Dentsply's motion for a stay, I want to summarize for you the United States's position on how to brief the two pending motions before this Court.

    <u>First</u>, we believe Dentsply's motion for a stay should be summarily denied.  If you wish to give fuller consideration to it following our telephone conference, however, we would like the opportunity to file a short response to that motion, which was filed just yesterday.  In order to obtain such a stay, Dentsply should have filed a motion to stay the Third Circuit's mandate and attempted to persuade that court (or the Supreme Court) that it had a substantial likelihood of success on the merits and that it would suffer irreparable harm if a stay was not issued.  It did not, and the mandate issued on May 26, 2005.  (D.I. 534).  It now asks this Court to address those issues and stay the Third Circuit's previously issued mandate.  Dentsply has not shown the irreparable injury necessary to justify such extraordinary relief, much less the reasonable probability that the Supreme Court will grant Dentsply's petition and reverse.  Its concern about disclosure of confidential information may be addressed by filing its response under seal. Dentsply has not met the legal standards for a stay here, and the United States wishes to file a formal opposition to explain that in more detail, if necessary.

    <u>Second</u>, if you deny Dentsply's motion for a stay, we agree that Dentsply need not file its response to our Motion for Entry of Final Judgment until at least a week after you make such a ruling.  Indeed, we repeat our offer, made in writing to Dentsply's counsel last week, to consider an extension of time for Dentsply's response to our motion if it believes we can continue to narrow our differences over the scope of injunctive relief.  Dentsply did not respond to that offer and instead filed its stay motion and its request for an emergency hearing.  Nonetheless, we stand by that offer.  If Dentsply will identify for us, in writing, those provisions of our proposed final

judgment to which it will agree, that will help us focus our negotiating efforts and evaluate how much additional time we should spend in such efforts.

      The United States seeks to have this matter briefed and prepared for your consideration before, not after, the Supreme Court acts on Dentsply's pending petition for *certiorari*. That is why I wrote to you on May 31, 2005, just after the Third Circuit's mandate issued, stating that we would seek to file our motion to enter a judgment "as quickly as possible." (D.I. 535). We have delayed so that we could consult with Dentsply's counsel, but those discussions failed to result in an agreed-upon final judgment, and the resulting delay was undermining our goal of getting this matter ready for decision. We recognize that you may not wish to enter the motion until after action by the Supreme Court. But we see no reason why briefing should not continue so that injunctive relief can be entered as quickly as possible thereafter.

                                    Respectfully submitted,

                                    COLM CONNOLLY
                                  United States Attorney

                By:_____/S/_____
                     RUDOLPH CONTRERAS
                     Assistant U.S. Attorney
                     Chief, Civil Division

                     _____/S/_____
                     JON B. JACOBS
                     Attorney
                     Antitrust Division

cc:   Margaret M. Zwisler, Esq. (via facsimile)
       William D. Johnston, Esq. (via facsimile)