IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 99-005-SLR |
| : | |
| DENTSPLY INTERNATIONAL, INC., : | |
| : | |
| Defendant. : | |

### ORDER

At Wilmington this **6th** day of **October, 2005**,

IT IS ORDERED that:

1. The mediation conference has been scheduled for **Friday, October 21, 2005** beginning at **10:00 a.m. Dress for the mediation is casual.**

2. The trial attorneys and those who are familiar with the case and their respective clients and/or decision makers, who must include individuals with full authority to act on behalf of the parties, including the authority to negotiate a resolution of the matter, must be present. In addition, under separate cover, the direct dial telephone work numbers and cell or home numbers of in-state and out-of-state counsel who will be attending the mediation shall be provided to the Magistrate Judge. Attendance at the mediation by the aforementioned individuals is required unless otherwise authorized by the Court.

**Any request to bring electronic equipment, for example, cell phones, blackberries or computers, to be used during the mediation shall be made**

**in writing under separate cover and must accompany the mediation statements, and shall include the name(s) and the equipment requested to be authorized.**

3. On or before **Friday, October 14, 2005**, the parties shall submit to the Magistrate Judge **AN ORIGINAL** and **ONE COPY** of the mediation conference statement. Per the agreement of counsel, the mediation statements shall be exchanged between the parties. The mediation conference statements **shall not be filed** with the Clerk's Office. However, the mediation statement **shall be delivered to the Clerk's Office in an envelope addressed to U. S. Magistrate Mary Pat Thynge and marked "CONFIDENTIAL MEDIATION STATEMENT."** The statements shall not be provided to the trial judge and shall not become part of the record in this matter. **Mediation statements shall NOT be electronically filed since they are not part of the Court record.**

4. The mediation conference statements may be in memorandum or letter form, and shall be limited to no more than **fifteen (15) pages double spaced, 12 pt. font.** They shall contain the following:

a) A description of who the parties are, their relationship, if any, to each other and by whom each party is represented, **including the identity of all individuals participating on behalf of a party during the mediation conference.**

b) A brief description or history of prior settlement negotiations and discussions, including the party's assessment as to why settlement has not been reached, the party's proposed term(s) for a resolution and a description of how the party believes the Court may be able to assist in reaching an agreement.

c) A description of the concerns that Dentsply has with the

Government's proposed final judgment and why it has such concerns, a description of the concerns that the Government has with Dentsply's last proposal and why it has such concerns, along with a summary of why the Government is seeking the relief in its proposed final judgment.

The Court understands that the information requested in Paragraphs 4(b) and (c) may overlap.

5. Under separate cover, which is confidential and not exchanged between the parties, the parties will advise the amount of attorneys' fees and costs **listed separately** that have been incurred by the party to date, with a fair estimate of such additional fees and expenses, including expert witness fees, if this matter is not settled. In the case of a contingency fee or non-hourly rate fee arrangement, the percentage of that fee, if applicable, the number of hours and costs incurred by the party to date, with a fair estimate of additional expenses, including expert witness fees, and the amount of additional hours if this matter is not settled.

6. Counsel shall confer regarding joint exhibits (e.g., Third Circuit Opinion) to the mediation statement and shall submit an original and one copy of the joint exhibits either under separate cover or as exhibits to **one** of the parties' mediation statements. Crucial or pertinent documents that are not joint exhibits may be submitted as exhibits a party's mediation conference statement. Counsel are cautioned to limit such exhibits.

7. Those participating in the mediation conference shall be available and accessible throughout the process. The Court expects the parties' full and good faith cooperation with the mediation process.

**8. The contents of the mediation conference statements and the conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation, nor any other litigation presently pending or filed in the future, and shall not be construed as nor constitute an admission. Breach of this provision shall subject the violator to sanctions.**

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

/s/ Mary Pat Thynge<br>
UNITED STATES MAGISTRATE JUDGE