IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DENTSPLY INTERNATIONAL INC.,<br><br>        Defendant. | C.A. No. 99-005 (SLR) |

**DEFENDANT DENTSPLY INTERNATIONAL INC.'S BRIEF IN
OPPOSITION TO PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT**

Brian M. Addison
DENTSPLY INTERNATIONAL INC.
Susquehanna Commerce Center
221 West Philadelphia Street
York, PA 17405
(717) 845-7511

Margaret M. Zwisler
Eric J. McCarthy
Charles R. Price
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, DC 20004
(202) 637-2200

William D. Johnston (No. 2123)
Christian Douglas Wright (No. 3554)
YOUNG CONAWAY STARGATT
   & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
cwright@ycst.com

Dated: April 6, 2006

Counsel for Defendant
DENTSPLY INTERNATIONAL INC.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS .................................................................................1

SUMMARY OF ARGUMENT .........................................................................................................1

STATEMENT OF FACTS ................................................................................................................2

ARGUMENT .....................................................................................................................................3

I.  THE GOVERNMENT HAS FAILED TO JUSTIFY ITS REQUEST FOR A TEN-YEAR EXPIRATION PERIOD .................................................................................3

   A.  This Court Is Not Bound By Antitrust Division Policy To Justify The Requested Ten-Year Period ........................................................................................3

   B.  A Ten-Year Term Is Not Necessary To Ensure Competition In The Distribution Of Artificial Teeth .................................................................................5

   C.  The Government's Position That It Is Entitled To "Deference" When Fashioning Injunctive Relief After Trial Lacks Merit ...............................................7

II. THIS COURT SHOULD ENTER FINAL JUDGMENT WITH A FIVE-YEAR EXPIRATION PERIOD, OR, ALTERNATIVELY, A RELAXED STANDARD FOR MODIFICATION AFTER THE FIRST FIVE YEARS ............................................7

CONCLUSION ..................................................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*Allis-Chalmers Manufacturing Co. v. White Consolidated Industries, Inc.*,
414 F.2d 506 (3d Cir. 1969) ................................................................................................. 7

*F. Hoffman-La Roche, Ltd. v. Empagran S.A.*,
542 U.S. 155 (2004) ............................................................................................................. 7

*Ford Motor Co. v. United States*,
405 U.S. 562 (1972) ............................................................................................................. 7

*New York v. Microsoft*,
224 F. Supp. 2d 76 (D.D.C. 2002) ................................................................................... 3, 5

*Oregon v. Mulkey*,
1997 WL 599410 (D. Or. June 16, 1997) ........................................................................ 3, 5

*United States v. Agri-Mark, Inc.*,
1981 WL 2057 (D. Vt. Apr. 1, 1981) .................................................................................. 4

*United States v. Delta Dental Service Plan of Arizona, Inc.*,
1995 WL 454769 (D. Ariz. May 19, 1995) ......................................................................... 5

*United States v. Dentsply International Inc.*,
277 F. Supp. 2d 387 (D. Del. 2003) ..................................................................................... 6

*United States v. E.I. du Pont de Nemours & Co.*,
366 U.S. 316 (1961) ............................................................................................................. 7

*United States v. Microsoft Corp.*,
231 F. Supp. 2d 144 (D.D.C. 2002) ................................................................................. 3, 8

*United States v. Motorola, Inc.*,
1995 WL 866794 (D.D.C. July 25, 1995) ........................................................................... 8

*United States v. Oregon Dental Service*,
1995 WL 481363 (N.D. Cal. July 14, 1995) ....................................................................... 5

*United States v. Topa Equities, Ltd.*,
1995 WL 481368 (D.V.I. July 14, 1995) ......................................................................... 3, 5

*United States v. Western Electric Co.*,
46 F.3d 1198 (D.D.C. 1995) ................................................................................................ 8

## RULES

Fed R. Civ. P. 60(b) ...................................................................................................8

## OTHER AUTHORITIES

*United States v. Agri-Mark Inc.*, "Competitive Impact Statements and Proposed
  Consent Judgments," 45 Fed. Reg. 79,186 (Nov. 28, 1980)..........................................4

*United States v. Microsoft Corp.*, "Public Comments and Response on
  Proposed Final Judgment," 2002 WL 32151978 (D.D.C. Feb. 27, 2002).................4, 6

*United States v. Topa Equities, Ltd.,* "Public Comments and Response on
  Proposed Final Judgment," 60 Fed. Reg. 28168 (May 30, 1995).............................. 3-4

United States Department of Justice, *Antitrust Division Manual* (3d ed. 1998)........ *passim*

Dentsply International Inc. ("Dentsply") respectfully submits this brief in opposition to plaintiff United States of America's (the "government") renewed motion to enter final judgment. As demonstrated more fully below, this Court should enter a final judgment that expires in five years, not ten.

## NATURE AND STAGE OF PROCEEDINGS

On January 5, 1999, the government filed a complaint against Dentsply in this Court. (D.I. 1). The government alleged that Dentsply's policy that dental products dealers who sell Dentsply's artificial teeth to dental laboratories may not sell competing tooth lines violated Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act. (*Id.*). Dentsply adopts by reference the government's summary of the proceedings that followed. (D.I. 553 at 1).

## SUMMARY OF ARGUMENT

The sole issue before the Court is whether the expiration period of the proposed final judgment should be five years, ten years, or somewhere in between. The government requests a ten-year decree, but fails to show that such an extraordinary remedy is necessary under the circumstances of this case. The government relies principally on the UNITED STATES DEPARTMENT OF JUSTICE, ANTITRUST DIVISION MANUAL (3d ed. Feb. 1998) ("DIVISION MANUAL"),[1] for support that a ten-year term is the "standard" length that the government seeks in its antitrust judgments. But the government's DIVISION MANUAL is not binding on this Court. In addition, the government has deviated from the DIVISION MANUAL on numerous occasions and argued against ten-year terms. A ten-year decree is not necessary to restore competition in the marketplace for artificial teeth where, as here, Dentsply has effectively operated under the

---

[1] Relevant portions of the Division Manual are attached as Exhibit 1 hereto.

key terms of the proposed judgment for the past ten years – first during the government's CID investigation, and thereafter during the lawsuit. Lastly, the government's claim that "all doubts" concerning remedies should be resolved in its favor lacks a legal basis. Instead of ten years, this Court should enter a final judgment that expires in five years. Alternatively, and only if the Court enters judgment with an expiration period greater than five years, the Court should add language to Section VII(B) that permits modification after five years, even if the parties did not specifically refer to a particular event or the foreseeability of such an event in the final judgment.

## STATEMENT OF FACTS

Dentsply and the government began negotiating over terms of a final judgment in June 2005. In September 2005, the government initially moved for entry of final judgment (D.I. 541), which Dentsply opposed. (D.I. 543). With this Court's assistance, the parties agreed to stay the issuance of an injunction until the United States Supreme Court ruled on Dentsply's petition for writ of certiorari to review the Third Circuit's reversal of this Court's judgment in favor of Dentsply. The Court denied the government's motion and referred the case to Magistrate Judge Thynge to help the parties negotiate the terms of the final judgment. (D.I. 546). The parties have exhausted their efforts and agree on all terms except for the expiration date of the proposed final judgment. The government seeks a ten-year term, whereas Dentsply seeks a five-year term.

ARGUMENT

I.  THE GOVERNMENT HAS FAILED TO JUSTIFY ITS REQUEST FOR A TEN-YEAR EXPIRATION PERIOD

As demonstrated below, the government has failed to demonstrate why a ten-year term is necessary to cure the effects of Dentsply's exclusive dealing arrangement with its authorized dealers.

A.  This Court Is Not Bound By Antitrust Division Policy To Justify The Requested Ten-Year Period

Here, the government argues that a ten-year term is the "standard length sought by the United States in its antitrust judgments." (D.I. 553 at 6). Like the plaintiffs in *New York v. Microsoft*, 224 F. Supp. 2d 76, 184 (D.D.C. 2002), the government derives the "standard" argument from language included in its own DIVISION MANUAL. (*Id.*). But as that *Microsoft* court made clear, it is not "bound . . . by Plaintiffs' reliance upon Antitrust Division policy to justify the ten-year term of their proposed decree." *Microsoft*, 224 F. Supp. 2d at 184 (approving remedial decree of five years). The same holds true in this Court.

Notably, the government does not cite from the preamble to the DIVISION MANUAL chapter on "Negotiating and Entering Consent Decrees," which reads: "[t]he theory behind equitable relief is that it should be fashioned to fit the particular facts of the case at issue." DIVISION MANUAL at IV-51. Indeed, the government has, on several occasions, quoted the same language *against* the "standard" ten-year term and in favor of a five-year term. *See, e.g., United States v. Topa Equities, Ltd.*, 1995 WL 481368 (D. V.I. July 14, 1995); *United States v. Microsoft Corp.*, 231 F. Supp. 2d 144 (D.D.C. 2002). In *Topa Equities*, the government defended a five-year decree. *United States v. Topa Equities, Ltd.*, "Public Comments and

Response on Proposed Final Judgment," 60 Fed. Reg. 28168 (May 30, 1995). In that case, the government alleged that Topa, a liquor wholesaler, had acquired monopoly power by entering into a series of exclusive distribution agreements with all of the major suppliers of distilled spirits in the Virgin Islands. *Id.* at 28,169. The decree sought to remedy the violation by "prohibiting Topa from taking any action to prevent its suppliers of distilled spirits from canceling their distribution arrangements with Topa and appointing new wholesalers instead." *Id.* The government argued that the "five-year duration of the proposed Final Judgment [wa]s adequate to accomplish its objective." *Id.* at 28,170.[2]

Most recently, the government again argued in *Microsoft* against a ten-year term and in favor of a five-year decree. *United States v. Microsoft Corp.*, "Public Comments and Response on Proposed Final Judgment," 2002 WL 32151978, ¶¶ 410-12 (D.D.C. Feb. 27, 2002) (arguing why the DIVISION MANUAL'S guidelines should not apply). In that case, the government emphasized that a decree must be tailored to fit the circumstances of the case. *Id.* The government also stressed that it has "imposed five-year terms in *numerous* past decrees." *Id.* (emphasis added).

The government now suggests that only "on occasion," in cases involving "dynamic, volatile industries" has the United States agreed to a shorter decree. (D.I. 553 at 6-7 and n.3). But the published caselaw shows that the government repeatedly has entered into five-year decrees in antitrust cases that do not involve computers or other technological industries. *See,*

---

[2] In *United States v. Agri-Mark, Inc.*, the government offered three reasons why it agreed to a five-year restriction: (i) the "period will allow the market to adjust to the instant transaction;" and (ii) the dairy industry was constantly evolving; and (iii) "the use of the five-year restriction has precedent." *Agri-Mark*, "Competitive Impact Statements and Proposed Consent Judgments," 45 Fed. Reg. 79,186, 79,189 (Nov. 28, 1980). The parties ultimately agreed on a twenty-year decree. *United States v. Agri-Mark, Inc.*, 1981 WL 2057, *5 (D. Vt. Apr. 1, 1981).

*e.g.*, *Oregon v. Mulkey*, 1997 WL 599410 (D. Or. June 16, 1997) (commercial crab fishing); *United States v. Delta Dental Service Plan of Arizona, Inc.*, 1995 WL 454769 (D. Ariz. May 19, 1995) (dental health care); *United States v. Oregon Dental Service*, 1995 WL 481363 (N.D. Cal. July 14, 1995) (dental health care); *United States v. Topa Equities, Ltd.*, 1995 WL 481368 (D. V.I. July 14, 1995) (liquor wholesaling).

The ten-year term that the government seeks is anything but "standard." In those cases, such as this one, where the government wants a ten-year decree, it cites to the DIVISION MANUAL and argues for ten years. But as the above-cases make clear, the government runs from its DIVISION MANUAL when it seeks to deviate from the ten-year term. It cannot have it both ways. And its current position that five-year decrees are only appropriate in cases that do not involve "dynamic, volatile industries" is belied by its position in several previous antitrust cases involving stable industries such as commercial crab fishing and liquor wholesaling. Accordingly, the government has not demonstrated why it is entitled to a ten-year term as a matter of practice.

### B.  A Ten-Year Term Is Not Necessary To Ensure Competition In The Distribution Of Artificial Teeth

"An antitrust decree should endure only so long as necessary to ensure competition." *Microsoft Corp.*, 224 F. Supp. at 184. The government offers two reasons why a ten-year term is necessary to restore competition in the marketplace for artificial teeth, neither one of which justifies implementation of the requested expiration period.

First, the government argues that "Dentsply's unlawful conduct has continued for eighteen years," and therefore a ten-year term is warranted. (D.I. at 7). But the government

rejected the soundness of the same argument in *Microsoft*. In that case, in response to public comments, the government stated:

> Some comments take the position that the length of Microsoft's anticompetitive conduct should have determined the length of the decree, but that would have provided an unreliable measuring stick for evaluating the amount of time necessary to restore competitive conditions.

*Microsoft*, 2002 WL 32151978, at ¶ 412. For the same reason, the purported length of Dentsply's unlawful conduct is an unreliable indicator of the amount of time necessary to ensure competition in the market for artificial teeth.

Second, the government argues that a ten-year expiration period "is necessary to give the market sufficient time to ameliorate Dentsply's longstanding violation." (D.I. at 7).[3] But the government's position assumes erroneously that Dentsply has enforced its exclusive dealing policy through the present. In fact, the Trubyte Division has not terminated an authorized dealer for taking on a competitive line of teeth since the early to mid-1990s, when the government launched its CID investigation of Dentsply.[4] Thus, Dentsply has effectively been operating under the key terms of the proposed decree for more than ten years. During that period, the artificial tooth market has had more than "sufficient time" to adjust to Dentsply's earlier enforcement efforts. An additional ten years would make the effective life of the injunction twenty plus years, ten years longer than "the standard length" sought by the government. (D.I.

---

[3] The government devotes a considerable number of pages to the issue of whether the proposed injunctive relief is necessary to achieve an effective remedy. (D.I. 553 at 4-6). Dentsply agrees that it does, which is why it agreed to all terms except for the expiration period.

[4] Dentsply has not even asked a dealer to comply with its exclusive dealing policy since 2001. *United States v. Dentsply International Inc.*, 277 F. Supp. 2d 387, 418 (D. Del. 2003).

553 at 6). Such a decree would not only be unduly onerous to Dentsply, but also fail to serve a competitive purpose.

### C. The Government's Position That It Is Entitled To "Deference" When Fashioning Injunctive Relief After Trial Lacks Merit

The government argues that, after trial, it is entitled to "particular deference" when fashioning injunctive relief to remedy an antitrust violation and that "all doubts" should be resolved in its favor. (D.I. 553 at 2, 8). Not one of the government's three cited cases, however, supports this proposition. See *F. Hoffman-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155 (2004); *Ford Motor Co. v. United States*, 405 U.S. 562 (1972); *United States v. E.I. du Pont de Nemours & Co.*, 366 U.S. 316 (1961). *Empagran* involved a private antitrust class action in which the government was not even a party. That case did not go to trial. Moreover, the case concerned whether, under the Foreign Trade Antitrust Improvements Act of 1982, foreign purchasers of vitamins could pursue Sherman Act claims in a U.S. federal court. In other words, the case had nothing to do with remedies. And while *E.I. du Pont* and *Ford* did go to trial, they were Section 7 divestiture actions. Accordingly, these cases are entirely inapposite.

### II. THIS COURT SHOULD ENTER FINAL JUDGMENT WITH A FIVE-YEAR EXPIRATION PERIOD, OR, ALTERNATIVELY, A RELAXED STANDARD FOR MODIFICATION AFTER THE FIRST FIVE YEARS

This Court has wide discretion to enter a final judgment that fits the needs of a particular case. *Allis-Chalmers Mfg. Co. v. White Consol. Industries, Inc.*, 414 F.2d 506, 526 n.32 (3d Cir. 1969). Here, the Court should enter a final judgment with a five-year expiration period because Dentsply's tooth business has changed dramatically over the past several years and Dentsply must be able to continue to change in order to compete effectively. A five-year term is a

sufficient amount of time to cure the effects of Dentsply's exclusive dealing arrangement, while at the same time allow Dentsply to stay competitive. The shortened term is even more appropriate where, as here, the antitrust violator has effectively operated under the key terms of the proposed final judgment for more than ten years. *See supra* at 6. By imposing a five-year term now, Dentsply will not have to move under Fed R. Civ. P. 60(b) to modify the terms of the final judgment. *See United States v. Western Electric Co.*, 46 F.3d 1198 (D.D.C. 1995) (modifying antitrust consent decree given developments in the telecommunications industry). Further, a five-year term will relieve this Court of the responsibility of becoming the regulating authority in the artificial tooth market. *See Microsoft*, 231 F. Supp. 2d at 195 ("absent a departure from the ten-year term, there exists a substantial risk that the decree will become highly regulatory in nature"). Thus, imposing a five-year term will preserve judicial and the parties' resources.

In the alternative, and only if the Court imposes an expiration period greater than five years, Dentsply respectfully requests that the Court add the following language after Section VII(B) of the government's proposed final judgment:

> Five years after the entry of this Final Judgment, any party to this Final Judgment may seek modification of its substantive terms and obligations, and neither the absence of specific reference to a particular event in the Final Judgment, nor the foreseeability of such an event at the time this Final Judgment was entered, shall preclude this Court's consideration of any modification request. The common law applicable to modification of final judgment is not otherwise altered.

This is the same provision that the government agreed to in *United States v. Motorola, Inc.*, 1995 WL 866794, *6 (D.D.C. July 25, 1995).

## CONCLUSION

For the foregoing reasons, this Court should deny the government's renewed motion and enter final judgment with an expiration period of five years.

Respectfully submitted,

Dated: April 6, 2006

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

*/s/ Christian Douglas Wright*
William D. Johnston (No. 2123)
Christian Douglas Wright (No. 3554)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
cwright@ycst.com

Brian M. Addison
DENTSPLY INTERNATIONAL INC.
Susquehanna Commerce Center
221 West Philadelphia Street
York, PA 17405
(717) 845-7511

Margaret M. Zwisler
Eric J. McCarthy
Charles R. Price
LATHAM & WATKINS LLP
555 Eleventh Street, N.W
Washington, DC 20004
(202) 637-2200

Counsel for Defendant
DENTSPLY INTERNATIONAL INC.

## CERTIFICATE OF SERVICE

I, Christian Douglas Wright, Esquire, hereby certify that on April 6, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Colm Connolly, Esquire
> Rudolph Contreras, Esquire
> Office of the United States Attorney
> 1007 N. Orange Street, Suite 700
> Wilmington, DE 19899-2046

I further certify that on April 6, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDEX

> Jon B. Jacobs, Esquire
> Antitrust Division
> U.S. Department of Justice
> 1401 H Street, N.W., Suite 4000
> Washington, D.C. 20530

Christian Douglas Wright (No. 3554)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
cwright@ycst.com
Counsel for Defendant
DENTSPLY INTERNATIONAL, INC.

DB01:1858644.1                                                                 049169.1011