UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DENTSPLY INTERNATIONAL, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 99-005 (SLR) |

## FINAL JUDGMENT

Plaintiff, the United States of America, filed its Complaint on January 5, 1999. Defendant, Dentsply International, Inc., appeared and filed its Answer on January 20, 1999. This Court, having jurisdiction over the parties and over the subject matter, conducted a trial and entered findings of fact and conclusions of law on August 8, 2003. On May 26, 2005, the United States Court of Appeals for the Third Circuit issued its mandate in this case. Pursuant to that mandate, judgment is hereby entered in favor of plaintiff United States of America and against Dentsply International, Inc., and it is further ORDERED, ADJUDGED, AND DECREED as follows:

### I. INJUNCTIVE RELIEF

A. Dentsply shall not condition the sale of its teeth or any other product to a dealer, or authorize a person as a dealer of Dentsply teeth, based on that dealer's sale of non-Dentsply teeth or that dealer's consideration to sell non-Dentsply teeth.

B.  Dentsply shall not take, or threaten to take, any of the following retaliatory or deterrent actions against a dealer based on that dealer's sale of non-Dentsply teeth or that dealer's consideration to sell non-Dentsply teeth:

(1)  terminating that dealer as an authorized dealer of Dentsply's teeth or other products;

(2)  selling teeth or other products to that dealer on terms or conditions less favorable than those offered to other dealers;

(3)  providing less training, education, marketing, promotion, or other support to that dealer than is provided to other dealers;

(4)  encouraging or influencing any customer of that dealer to buy Dentsply teeth or other products from a different dealer, except in response to that dealer selling a competitive tooth to such customer and that dealer not offering to the customer a Dentsply offer to meet the competitive tooth offering;

(5)  selling teeth or other products directly to any customer of that dealer; or

(6)  authorizing a new dealer of Dentsply's teeth or other products solely for the purpose of selling to any customer of that dealer.

C.  Dentsply shall not require any dealer to be, or agree with any dealer that it will become, an exclusive Dentsply tooth dealer, or offer market-share discounts to any dealer.

D.  Dentsply shall remove Dealer Criterion 6 from its list of requirements for dealers to be recognized and maintained as authorized Dentsply tooth dealers. Within thirty days of this Final Judgment taking effect, Dentsply shall distribute to each dealer selling Dentsply teeth:

    (1) its revised dealer criteria, which shall comply with the terms of this Final Judgment; and

    (2) a copy of this Final Judgment.

Dentsply shall promptly provide its dealer criteria and a copy of this Final Judgment to any tooth dealer it authorizes, or prospective tooth dealer it negotiates with, after this Final Judgment takes effect. Dentsply shall apply and enforce its dealer criteria in a non-discriminatory manner.

  E. Nothing in this Final Judgment shall prohibit Dentsply from taking any of the following actions:

    (1) terminating any or all of its dealers if it does so solely as part of a plan to modify its distribution scheme for artificial teeth and/or other dental products, and only if the dealers that are terminated as part of that plan are selected for termination for reasons not based on their sale of non-Dentsply teeth and/or their consideration to sell non-Dentsply teeth. Dentsply shall not threaten any dealer with the implementation of such a plan for the purpose of deterring that dealer from selling non-Dentsply teeth; or

    (2) offering volume discounts or prompt-payment discounts or incentives for increased sales of Dentsply teeth to its dealers, as long as such discounts and incentives are publicized and offered to all tooth dealers on a uniform basis and without regard to whether such dealers sell, or are considering selling, non-Dentsply teeth.

  F. Dentsply shall not terminate any authorized dealer of its teeth or artificial tooth related products, without providing in writing to the Plaintiff and the dealer, at least sixty days before termination, where feasible, and no later than 14 days before termination in extenuating

-3-

circumstances, a detailed description of the reasons for the termination. Dentsply's Antitrust Compliance Officer shall certify that the description fully reflects all of the reasons for termination and that the termination would not violate this Final Judgment. Dentsply may not use a decline in a dealer's sales of Dentsply teeth as a basis for termination if that dealer also sells non-Dentsply teeth, unless the dealer's purchases of Dentsply teeth fall below $200,000 per year or the decline in the dealer's purchases of Dentsply teeth is greater than fifty percent (50%) of the dealer's prior year's purchases. Dentsply shall have the right to seek permission from Plaintiff to terminate an authorized dealer of its teeth or artificial tooth related products that also sells non-Dentsply teeth, for a decline in the dealer's purchases of teeth from Dentsply which is less than fifty percent (50%) of the dealer's prior year's purchases, provided Dentsply shall not terminate such dealer unless and until it receives written permission from Plaintiff.

   G. Unless authorized to do so by an order from this Court, Plaintiff shall not disclose any information or documents obtained by the means provided in Section I (F) to any person other than a duly authorized representative of the Executive Branch of the United States, except in the course of legal proceedings to which the United States is a party, including grand jury proceedings, or for the purpose of securing compliance with this Final Judgment. In the event that Plaintiff intends to seek such authorization from this Court, it shall provide to Dentsply reasonable prior notice of production of the materials so that Dentsply can seek a Protective Order if it deems necessary.

## II. COMPLIANCE PROGRAM

A. Dentsply shall designate, within thirty days after this Final Judgment takes effect, an Antitrust Compliance Officer with responsibility for implementing an antitrust compliance program for the purpose of ensuring full compliance with this Final Judgment.

B. The Antitrust Compliance Officer shall:

(1) within sixty days after this Final Judgment takes effect, provide a copy of this Final Judgment to each of Dentsply's directors and officers, and to each employee whose job responsibilities relate in any way to the marketing or sale of teeth or any other product to dealers;

(2) distribute in a timely manner a copy of this Final Judgment to any person who succeeds to, or subsequently holds, a position of director or officer or an employee whose job responsibilities relate in any way to the marketing or sale of teeth or any other product to dealers; and

(3) within sixty days after this Final Judgment takes effect, develop and implement the procedures necessary to ensure Dentsply's compliance with this Final Judgment. Such procedures shall ensure that questions from any Dentsply director, officer, or employee about this Final Judgment can be answered by counsel as the need arises.

## III. CERTIFICATION

A. Within seventy-five days after this Final Judgment takes effect, Dentsply shall certify to the Plaintiff whether it has: (1) designated an Antitrust Compliance Officer and identify the person so designated; (2) distributed the Final Judgment in accordance with Section II (B)(1);

(3) developed the procedures required by Section II (B)(3); and (4) distributed its revised dealer criteria in accordance with Section I (D).

B.  Dentsply shall certify annually, from the first anniversary date of this Final Judgment taking effect until this Final Judgment expires, to Plaintiff that it has complied with the provisions of this Final Judgment.

## IV. PLAINTIFF'S ACCESS

A.  For the purposes of determining or securing compliance with this Final Judgment, or determining whether it should be modified or vacated, and subject to any legally recognized privilege, authorized representatives of the Antitrust Division of the United States Department of Justice, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Dentsply, shall be permitted:

(1) access during regular business hours to inspect and copy, or at Plaintiff's option, to require that Dentsply provide copies of all records and documents in Dentsply's possession, custody, or control relating to any matter contained in this Final Judgment;

(2) to interview, either informally or on the record, Dentsply's directors, officers, employees, or agents, who may have individual counsel present, concerning such matters; and

(3) to obtain written reports from Dentsply, under oath if requested, relating to any matters contained in this Final Judgment.

B.  Dentsply shall have the right to be represented by counsel in any proceeding under this Section IV.

C.  No information or documents obtained by the means provided in this Section IV shall be divulged by the Plaintiff to any person other than a duly authorized representative of the Executive Branch of the United States, except in the course of legal proceedings to which the United States is a party, including grand jury proceedings, or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D.  If at the time information or documents are furnished by Dentsply to the Plaintiff, Dentsply represents in writing that certain material is entitled to confidentiality protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and identifies the confidential information by marking each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the Plaintiff shall use its best efforts to give ten days' notice to Dentsply prior to divulging such material in any legal proceeding (other than a grand jury proceeding) to which Dentsply is not a party.

E.  Dentsply shall have the right to claim protection from public disclosure, under the Freedom of Information Act, 5 U.S.C. §552, or any other applicable law or regulation, for any material submitted to the Plaintiff under this Final Judgment. After appropriate consideration of such claim of protection, the Plaintiff will either assert that the material is protected from disclosure under law or give such defendant ten calendar days notice of its intent to disclose the material.

## V. APPLICABILITY

A.  This Final Judgment shall apply to Dentsply and to all persons acting in concert with Dentsply that have received actual notice of this Final Judgment by personal service or otherwise.

B.  Dentsply shall require, as a condition of the sale or other disposition of all or substantially all of its assets (or of a lesser business unit that includes Dentsply's tooth business), its shares, or other indicia of ownership, that any purchaser agree to be bound by the provisions of this Final Judgment and that such agreement be filed with this Court.

## VI. DEFINITIONS

A.  "Dealer" means any person transacting business in the United States that is not wholly owned by Dentsply who resells dental products to end users and has, at any time, purchased or acquired, or who is considering purchasing or acquiring, Dentsply teeth or other products for resale.

B.  "Dealer Criterion 6" means the criterion that Dentsply applied to its authorized tooth dealers, and which was published in written form on February 16, 1993, which stated, "In order to effectively promote Dentsply/York products, dealers that are recognized as authorized distributors may not add further tooth lines to their product offering."

C.  "Dentsply" means Dentsply International, Inc., a for-profit corporation organized and existing under the laws of the State of Delaware, with its headquarters at 221 West Philadelphia Street, York, Pennsylvania 17405-0872; each of its affiliates, subsidiaries, divisions, officers, directors, agents, employees, and assigns; and any successor to any substantial part of the business.

D. "Exclusive Dentsply tooth dealer" means a dealer that sells Dentsply teeth but not the teeth of any other person.

E. "Including" means including, but not limited to.

F. "Market-share discounts" means any discounts, lower prices, rebates or other financial incentives offered to a dealer if that dealer's sales of Dentsply teeth, in any specified period of time, constitute a specified percentage of that dealer's sales of all (both Dentsply and non-Dentsply) teeth.

G. "Non-Dentsply teeth" means any tooth manufactured by a person other than Dentsply.

H. "Person" means any individual, corporation, partnership, company, sole proprietorship, firm or other legal entity.

I. "Prompt-payment discounts" means any discounts, lower prices, rebates or other financial incentives offered to a dealer if that dealer pays its bills to Dentsply in a timely manner.

J. "Sale" or "sell" includes an offer to sell. As used in this Final Judgment, a dealer sells teeth if, but not only if, that dealer acquires a stock of teeth on consignment and distributes, or offers to distribute, those teeth to dental laboratories or other end users.

K. "Teeth" or "tooth" means prefabricated artificial teeth that are manufactured for use in dentures.

L. "Volume discounts" means any discounts, lower prices, rebates or other financial incentives offered to a tooth dealer if that dealer purchases a specified volume of teeth from Dentsply.

## VII. RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, or to punish violations of its provisions.

## VIII. EFFECTIVE DATE AND EXPIRATION OF FINAL JUDGMENT

A. This Final Judgment shall take effect 30 days after the date on which it is entered.

B. Unless this Court grants an extension, this Final Judgment shall expire ~~ten~~ *seven and one-half (7½)* SLR years from the date on which it takes effect.

*Sue L. Robinson*
Sue L. Robinson
United States District Judge

Dated: 4/26/06

-10-