IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|       Plaintiff | ) | |
|     v. | ) | C.A. 99-5-SLR |
| | ) | |
| DENTSPLY INTERNATIONAL, INC. | ) | |
| | ) | |
|       Defendant. | ) | |

## AMENDED CLERK'S TAXATION OF COSTS *

      A final judgment in favor of defendant, Dentsply International, Inc. ("Dentsply"), was entered by the Honorable Sue L. Robinson on August 12,2003 (DI 517). An appellate mandate, reversing and remanding, was filed with the District Court on May 26,2005 (DI 534). Plaintiff, United States of America ("United States"), filed a bill of costs on June 10,2005 (DI 536). Denstply filed objections to the bill of costs on June 24,2005 (DI 538). United States filed a response to the objections on July 6,2005 (DI 539). An August 5,2005 docket entry reflects the U.S. Supreme Court denied a petition for writ of certiorari (DI 550). On April 26,2006 a final judgment was entered in favor of United States and against Dentsply (DI 559). No subsequent appeals have been filed.

      The Clerk of Court may tax costs in favor of the prevailing party, in accordance with District Court Local Rule (LR) 54.1. There is no dispute that United States prevailed in this matter. United States' bill of costs requests the Clerk tax $113,571.98. United States later reduced the amount requested to $109,954.32 (DI 539, p.6). The bill of costs, objections, and response to objections, are deemed to be timely. The Clerk has considered the submissions, and therefore,

      **IT IS ORDERED, that**

**I.**      United States' request for $181.00 in **service fees for two subpoenas is granted.**

    **A**.      Dentsply does not object to the request.

    **B**.      The Clerk may tax these costs in accordance with 28 U.S.C. § 1920(1) and LR 54.1(b)(1).

    **C.**      Costs are taxed in the amount of $ 181.00.

---

**\* Summary section on page 4 (bottom of page) of the original taxation reflected two items numbered (3). The amended taxation corrects this error.**

**II.** United States' request for $ 25,408.50 in **fees for transcripts of the pre-trial conference and trial is denied.**

    **A**. LR 54.1(b)(2) states; "The cost of the originals of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial furnished the Court is taxable, *when either requested by the Court, or prepared pursuant to stipulation. Mere acceptance by the Court does not constitute a request.* Copies of transcripts for counsel's own use are not taxable." *(Emphasis added).*

    **B**. Dentsply opposes the request. Dentsply argues the transcripts were neither requested by the Court or prepared pursuant to stipulation*.*

    **C**. United States makes no argument, nor submits any evidence, that there was a stipulation or explicit request by the Court. United States cites two cases which it argues provide authority for taxing transcript costs when there is an implied request by the Court. United States argues the Court's comments in this case should be considered an implied request for transcripts.

    **D**. The Clerk finds:
    **1)** *"Mere acceptance by the Court does not constitute a request."* [ LR 54.1(b)(2)].
    **2)** the applicability of case law is a legal matter for judicial resolution.
    **3)** whether the Court's comments are to be construed as an implied request is a matter for judicial resolution.

    **E**. For the reasons stated above, United States' request is **denied.**

**III.** United States' request for $51,012.06 in **deposition fees is granted, in part.** The bill of costs requests fees of $54,629.72. United States' response to Dentsply's opposition indicates the amount requested is now $ 51,012.06 (DI 539, p.4).

    **A**. LR 54.1(b)(3) provides for the taxing of deposition costs. " The reporter's reasonable charge for the original of a deposition and the reasonable cost of taking and presenting a videotaped deposition at trial *are taxable only where a substantial portion of the deposition is admitted into evidence at trial or otherwise used in the resolution of a material issue in the case."* (Emphasis added).

    **B**. Dentsply does not oppose the taxing of costs for the depositions of :
1) Horst Becker.................................................................$ 1,337.33
2) Kevin Dillon, Sr............................................................ $   562.00
3) Robert Raths ................................................................$   633.50

    **TOTAL**...........................................................................**$ 2,532.83**

    **C.**    Dentsply objects to all remaining depositions. Dentsply argues that neither a substantial portion of the depositions were admitted into evidence at trial or otherwise used in the resolution of a material issue in the case. [LR 54.1(b)(3)].

    **D.**    United States rebuts Dentsply's arguments by citing 28 U.S.C. § 1920 and various case law.

    **E.**    The Clerk finds United States has failed to prove that any of the opposed depositions satisfy the requirements of LR 54.1(b)(3). There is no evidence that "a substantial portion" of any deposition was "admitted into evidence at trial or otherwise used in the resolution of a material issue in the case."

    **F.**    Regarding 28 U.S.C. § 1920, the Clerk "may" tax deposition costs. There is no requirement that such costs be taxed. In light of United States' failure to comply with LR 54.1(b)(3), and Dentsply's objections, the Clerk will not tax costs under 28 U.S.C. § 1920.

    **G.**    The applicability of the cited case law is a legal matter for judicial resolution.

    **H.**    The Clerk will tax costs for the depositions not opposed by Dentsply. Costs for all opposed depositions are denied. Costs are taxed in the amount of **$ 2,532.83**.

**IV.**    United States' request for $2,823.89 in **witness fees, mileage and subsistence is granted.**

    **A.**    Costs for witness fees, mileage and subsistence are taxable, in accordance with LR 54.1 (b)(4) and 28 U.S.C. §§ 1821 and 1920.

    **B.**    Dentsply does not object to the request.

    **C.**    The request is **granted.** Costs are taxed in the amount of **$2,823.89.**

**V.**    United States' requests for $30,528.87 in **copying and exemplification fees are denied.**

    **A.**    United States' requests consist of the following:
        **1)** $1,095.00 for trial exhibits.
        **2)** $1,112.50 for rental of technological equipment.
        **3)** $20,627.12 for Dentsply documents produced during discovery.
        **4)** $7,694.25 for Ivoclar documents produced during discovery.

    **B**.    LR 54.1(b)(5) states in pertinent part: "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. Cost of one copy of a document is taxable when admitted into evidence in lieu of an original which is either not available for introduction in evidence or is not introduced at the request of opposing counsel."

    **C.**    Dentsply opposes the requests for failure to comply with LR 54.1(b)(5).

    **D.**    The Clerk finds the requests fail to comply with LR 54.1(b)(5), as follows:

    **1) Exhibits** - United States makes no argument that any exhibit complies with LR 54.1(b)(5). The invoices (DOJ-C-073 to 075) submitted by United States fail to provide sufficient information to determine compliance with LR 54.1(b)(5).

    **2) Discovery documents** (both Dentsply and Ivoclar) - United States has not demonstrated that <u>any</u> Denstply or Ivoclar discovery document complies with LR 54.1(b)(5).

    **3) Rental of technological equipment -** Costs for rental of technological equipment are not specifically permitted by LR 54.1. However, LR 54.1(b)(10) states "Other Costs" are taxable if "the party claiming such costs substantiates the claim by reference to a statute or binding court decision.".

    **E.**    United States cites case law in support of all the above referenced requests. The applicability of the cited case law is a legal matter for judicial resolution.

    **F.**    For the above reasons, United States' requests are **<u>denied.</u>**

The total costs hereby taxed in favor of plaintiff, United States of America, and against defendant, Dentsply International, Inc., together with interest thereon at the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), is as follows:

1. Service of subpoenas ................................................................................. $ 181.00
2. Trial Transcript Fees ................................................................................. DENIED
3. Deposition Fees (transcripts and videos) ................................................. $2,532.83
4. Witness Fees, Mileage and Subsistence .................................................. $2,823.89
5. Copies and Exemplifications .................................................................... DENIED

        **TOTAL ...................................................... $ 5,537.72**

Dated: October 2, 2006

                                  Peter T. Dalleo, Clerk
                                  U.S. District Court for the
                                    District of Delaware

By _____
                                  Brian K. Blackwell
                                  Deputy Clerk

cc:  The Honorable Sue L. Robinson
     Patricia C. Hannigan, Esq.
     William D. Johnston, Esq.
     Christian D. Wright, Esq.
     Peter T. Dalleo, Clerk