## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 99-005-SLR |
| | ) | |
| DENTSPLY INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIRD-PARTY VIDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS UNOPPOSED MOTION TO INTERVENE FOR THE SOLE
PURPOSE OF MODIFYING THE STIPULATED PROTECTIVE ORDER**

THE BAYARD FIRM, P.A.

Richard D. Kirk (No. 922)
Stephen B. Brauerman (No. 4952)
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE  19899
(302) 655-5000
rkirk@bayardfirm.com
sbrauerman@bayardfirm.com

Attorneys for Intervenor Vident

OF COUNSEL:

Monte Cooper
Robert E. Freitas
Christopher S. Ruhland
Dimitrios V. Korovilas
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 S. Figueroa St., Suite 3200
Los Angeles, CA 90025
(213) 629-2020

December 7, 2007

## INTRODUCTION

The United States government initiated the above-captioned action against Dentsply International, Inc. ("Dentsply"), a manufacturer of artificial teeth, based on Dentsply's alleged violations of sections 1 and 2 of the Sherman Act and section 3 of the Clayton Act. Ultimately, the Third Circuit Court of Appeals found that Dentsply unlawfully maintained a monopoly in violation of section 2.

Third-party Vident, a competitor in the artificial teeth industry, has now asserted its own claim against Dentsply under Sherman Act section 2 in a case currently pending before the Central District of California (the "*Vident* Action"). Vident intends to discover from Dentsply materials previously produced in the above-captioned litigation because this case and the *Vident* Action concern common legal and factual issues. However, the terms of the Stipulated Protective Order (D.I. 92), entered by this Court on July 27, 1999, currently prevent Dentsply from disclosing such materials and further prevent Vident from using them in any manner.

Vident therefore respectfully requests that the Court modify the Stipulated Protective order to allow Dentsply to disclose to Vident, for use in the *Vident* Action, materials previously designated under the parties' Stipulated Protective Order. Neither the government nor Dentsply oppose this Motion. The Court should, accordingly, grant Vident's Motion and modify the Stipulated Protective Order as set forth in the [Proposed] Order filed concurrently herewith.

## FACTS

The government initiated the above-captioned action on January 5, 1999, alleging that Dentsply's exclusivity agreements with its dealers violated various antitrust laws. On July 27, 1999, pursuant to Federal Rule of Civil Procedure 26(c)(7), this Court signed the parties' Stipulated Protective Order governing disclosure in the case. (*See* Declaration of Dimitrios V.

Korovilas ("Korovilas Decl.") ¶ 2 & Exh. 1.) Paragraph 9 of the Stipulated Protective Order

provides as follows:

> 9.      Except as otherwise authorized by this Order, all persons
> obtaining access to Confidential Information in connection with
> this action shall use that information only for preparation and trial
> of this action, including any appeal and retrial, and shall not use
> such Confidential Information for any other purpose, including the
> furtherance of that person's business interests, or in any
> administrative or other proceeding. Any person found to have
> made an impermissible use of Confidential Information shall be
> subject, without limitation, to civil and criminal penalties for
> contempt of court.

(Korovilas Decl. ¶ 2 & Exh. 1, ¶ 9.) Paragraph 21 of the Stipulated Protective Order further

states that:

> 21.      Nothing in this Order shall prevent either party from
> seeking modification of this Order upon motion duly made
> pursuant to the Rules of this Court nor shall it prevent a protected
> person from making a motion, pursuant to paragraph 4 of this
> Order, duly made pursuant to the Rules of Court.

(Korovilas Decl. ¶ 2 & Exh. 1, ¶ 21.) After extensive discovery and litigation, this Court held

that Dentsply's exclusivity agreements, though lacking in business justification, did not violate

Sherman Act sections 1 or 2 or Clayton Act section 3. *See United States v. Dentsply Int'l, Inc.*,

277 F. Supp. 2d 387 (D. Del. 2003). The government appealed the ruling on the Sherman Act

section 2 claim, and the Third Circuit reversed. It found that Dentsply had indeed exercised

monopoly market power in anti-competitive fashion, in violation of section 2. *See United States

v. Dentsply Int'l, Inc.*, 399 F.3d 181, 186-97 (2005).

On November 26, 2006, Vident filed a complaint in the Central District of California

seeking to recover for the damages it has suffered as a result that Dentsply's monopolistic

behavior in the artificial tooth industry. (*See* Korovilas Decl. ¶ 3 & Exh. 2.) Because the *Vident*

Action raises questions of law and fact that are common to those raised in the government's case,

Vident desires to discover and use in its case materials previously produced herein, including materials previously designated as confidential under the parties' Stipulated Protective Order. Doing so would violate Paragraph 9 of the Stipulated Protective Order, unless the Court adopts the modifications set forth in Vident's [Proposed] Order, which is concurrently filed herewith and attached hereto as Exhibit A. Vident's counsel has discussed its proposed modifications with counsel for both Dentsply and the government, and neither opposes them. (Korovilas Decl. ¶ 4.) If the Court adopts the modifications, Vident's access to and use of the information would be restricted not only by the amended Stipulated Protective Order, but also by the protective order in the *Vident* Action.

## ARGUMENT

### A.    Vident May Properly Intervene to Modify the Stipulated Protective Order.

A litigant who is not an original party to an action may properly challenge protective or confidentiality orders entered in that action by intervening under Federal Rule of Civil Procedure 24(b). *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994). The requirements for permissive intervention are: (1) an independent basis of subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action. *See Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("*EEOC*"); *see also Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

These requirements have been interpreted flexibly when a non-party seeks intervention for the limited purpose of modifying a protective order. *See In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 338-39 (E.D. Pa 2004). First, the intervener need not demonstrate an independent basis of subject matter jurisdiction. *Pansy*, 23 F.3d at 778 n.3. This is because

"such intervenors do not ask the district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise a power that it already has, namely the power to modify a previously entered confidentiality order." *EEOC*, 146 F.3d at 1047; *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987).

Second, the requirement that a claim or defense present "common legal or factual issues" to the main action is interpreted with "considerable breadth." *EEOC*, 146 F.2d at 1046; *Pansy*, 23 F.3d at 778. Courts have regularly held this requirement satisfied if the movant raises a common question in a suit in another jurisdiction. *EEOC*, 146 F.2d at 1047; *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987).

Third, the requirement of a "timely" motion has also been interpreted broadly in the context of modifying protective orders. In *Pansy*, the Third Circuit noted a "growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." 23 F.3d at 779 (citing *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157 (3d Cir.1993)). In sum, "courts have been willing to adopt generous interpretations of Rule 24(b)" to facilitate an "effective mechanism for third-party claims of access to information generated through judicial proceedings." *EEOC*, 146 F.3d at 1045.

Here, Vident moves to intervene solely to modify the Stipulated Protective Order previously entered by this Court. It does so only to obtain information directly relevant to another judicial proceeding that concerns common legal and factual issues. Accordingly, under the above standard, Vident's motion to intervene is the proper procedural mechanism for it to modify the Stipulated Protective Order.

B.    **The Court Should Modify the Stipulated Protective Order to Grant Vident Access to Materials Previously Produced as "Confidential" and to Allow Vident's Use of Such Materials in the *Vident* Action**

The Court should grant this Motion because Vident seeks only limited, appropriate relief. Vident does not seek to nullify the Stipulated Protective Order or make public any materials previously designated as confidential. While the proposed modifications would allow use of the designated materials in the *Vident* Action, the Stipulated Protective Order would continue to restrict such use. The protective order in the *Vident* Action, which the parties crafted based on the terms of the Stipulated Protective Order in the government's case, would further protect all parties' interests in confidentiality.

Specifically, as set forth in the concurrently filed [Proposed] Order, Vident requests that Paragraph 9 of the Stipulated Protective Order be amended (as designated by the underlining) as follows:

> 9    Except as otherwise authorized by this Order, all persons obtaining access to Confidential Information in connection with this action shall use that information only for preparation and trial of this action, and *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.), including any appeal and retrial, and shall not use such Confidential Information for any other purpose, including the furtherance of that person's business interests, or in any administrative or other proceeding. Any person found to have made an impermissible use of Confidential Information shall be subject, without limitation, to civil and criminal penalties for contempt of court.

(*See* Exhibit A.) Vident further proposes that Paragraph 10 of the Stipulated Protective Order be amended (as designated by the underlining) to state:

> 10.    Except as otherwise authorized by this Order, information designated as confidential shall be used only in connection with this action, and *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.), shall not be disclosed to any person other than the individuals set forth below, may be disclosed only as necessary in connection with this action, and *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141

PSG (ANx) (C.D. Cal.), to the individuals set forth below, and may be used by those individuals only as necessary in connection with this action, and *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.):

\* \* \*

(h)     members and employees of the firm of trial counsel for Vident and Dentsply in *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (CD Cal), and any other individuals who are entitled access to Confidential Information under a protective order entered in that case that allows no broader dissemination than the dissemination allowed by this protective order.

(*See* Exhibit A.)  These amendments facilitate the use of relevant information in the *Vident* Action, but still protect the confidentiality interests identified in this case's Stipulated Protective Order.

## CONCLUSION

For the foregoing reasons, Vident respectfully requests that the Court modify the Stipulated Protective Order in this action as set forth in [Proposed] Order filed concurrently herewith.

THE BAYARD FIRM, P.A.

OF COUNSEL:

Monte Cooper
Robert E. Freitas
Christopher S. Ruhland
Dimitrios V. Korovilas
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 S. Figueroa St., Suite 3200
Los Angeles, CA 90025
(213) 629-2020

December 7, 2007

Richard D. Kirk (No. 922)
Stephen B. Brauerman (No. 4952)
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE  19899
(302) 655-5000
rkirk@bayardfirm.com
sbrauerman@bayardfirm.com

Attorneys for Intervenor Vident

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on December 7, 2007, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Patricia C. Hannigan, Esquire
U.S. Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

William D. Johnston, Esquire
Christian D. Wright, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600


Stephen B. Brauerman (No. 4952)