# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                    )<br>        Plaintiff,             )<br>                                    )<br>    v.                                   )<br>                                    )<br>DENTSPLY INTERNATIONAL, INC.,  )<br>                                    )<br>        Defendant.    )| Civil Action No. 99-005 (MMS) |

## STIPULATED PROTECTIVE ORDER

Pursuant to the Court's June 11, 1999 Order, Fed. R. Civ. P. 26(c)(7), and in the interests of ensuring an efficient and prompt resolution of this action and of protecting Confidential Information of the parties and of non-parties from improper disclosure, plaintiff United States of America and defendant Dentsply International, Inc. (collectively "the parties") have stipulated to the entry of the attached Protective Order, which is made part of this stipulation, to govern disclosure in this case. It is the understanding of the parties that neither this stipulation nor the attached Protective Order shall waive, or in any way limit, the parties or any protected person's right to seek a supplemental protective order from the Court addressing the disclosure or use of Confidential Information at trial.

Pursuant to Fed. R. Civ. P. 26(c)(7), and in the interests of ensuring an efficient and prompt resolution of this action and of protecting Confidential Information of the parties and of non-parties from improper disclosure, the Court hereby orders that disclosure in this case shall be governed by the terms set forth in this Protective Order.

### A. DEFINITIONS

1. As used herein:

   (a) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, produced by or in the possession of any protected person (as defined below), or produced or to be produced by a party in response to discovery requests in the above-captioned action, the disclosure, or further disclosure, of which would result in a clearly defined and serious injury;

   (b) "disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part;

   (c) "document" is defined as the term is used in Fed. R. Civ. P. 34(a);

   (d) "party" or "parties" means plaintiff and/or defendant;

   (e) "protected person" means any non-party who, (i) voluntarily, (ii) in response to a civil investigative demand from the Department of Justice, or (iii) in response to discovery requests in this action from either party, produced or produces any information to either party in connection with this action or the Department of Justice's investigation of the matters at issue in this action; and

2

(f) "this action" means the above-captioned action pending in this Court, including any pretrial, discovery, post-trial, or appellate proceedings.

## B. DESIGNATION OF CONFIDENTIAL INFORMATION

2. A party or protected person may designate as confidential any information it hereafter discloses, either voluntarily or pursuant to discovery in this action, to either party in connection with this action, to the extent such information constitutes Confidential Information as defined in this Order. Such designations shall constitute a representation to the Court that such party or protected person (and counsel, if any) in good faith believes that the information so designated constitutes Confidential Information. Any production of information without its being designated as confidential shall not thereby be deemed a waiver of any claim of confidentiality concerning such information, and the same may thereafter be designated confidential.

3. (a) A protected person that has previously produced information to a party, either voluntarily or pursuant to a civil investigative demand, in connection with this action or with the investigation of the matters at issue in this action, may designate this information as confidential, to the extent such information constitutes Confidential Information as defined in this Order. Such designations shall constitute a representation to the Court that such protected person (and counsel, if any) in good faith believes that the information so designated constitutes Confidential Information;

(b) any information heretofore produced, including information provided orally by a protected person in an interview with the Department of Justice and provided by the Department of Justice to defendant in its response to Defendant's Interrogatory No. 1, shall be treated as confidential for a period of twenty (20) days after notice to a protected person of the

3

terms of this Protective Order, unless a longer period of time is agreed to by all parties. The twenty (20) day period shall not begin to run as to the Confidential Information of any protected person included in the Response of the Department of Justice to Defendant's Interrogatory No. 1 ("Response"), until the relevant portions of the Response are served upon that protected person. At the expiration of the twenty (20) days, or the longer period of time agreed to by all parties, all such information shall be treated as non-confidential in the absence of specific designations of confidentiality;

  (c) during the twenty (20) day period, or the longer period of time agreed to by all parties, set forth in paragraph 3(b), any information heretofore produced by a protected person may not be disseminated beyond the disclosure allowed by Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 26.2 (D. Del. LR 26.2). Any production or dissemination of information without its being designated as confidential shall not thereby be deemed a waiver of any claim of confidentiality as to such information, and the same may thereafter be designated confidential;

  (d) if the material to be designated as confidential is from a deposition taken pursuant to a civil investigative demand, deponent or counsel for the deponent shall designate the Confidential Information by page and line and designate any exhibits that are to be considered confidential.

  4. If, at any time, a protected person files a motion seeking to modify the Protective Order or to prevent one party from producing to the other party any information that the protected person has produced, such information, if not already produced, shall not be produced until an Order issues from the Court providing for such production.

5. A party or protected person designating information as confidential shall stamp or label the face of each document or disk containing electronic data with the designation "CONFIDENTIAL." If the entire document is not confidential, the party or protected person shall specify on the first page of the document the portions of the document that contain Confidential Information. Any marks on the document shall be made so as not to interfere with the legibility of the document.

6. (a) All transcripts of depositions hereafter taken shall be treated as if designated as confidential for a period of ten (10) days after a full and complete copy of the transcript has been received by deponent or deponent's counsel.

(b) Any deponent, counsel for that deponent, or counsel for a protected person given the opportunity to review the transcript may designate as confidential, during the ten (10) day period after the transcript is received from the court reporter, any portion of the transcript by designating the Confidential Information by page and line and by designating any exhibits that are to be considered confidential.

(c) In addition, during the course of a deposition, counsel for the respective parties or protected persons may identify, on the record, and in good faith, those portions of deposition transcripts and exhibit(s) to the depositions that contain or refer to Confidential Information. Thereafter, the portions of deposition transcripts and exhibits identified as confidential, and all copies and synopses thereof, shall be marked in accordance with paragraph 5 of this Protective Order, and each page or exhibit of the deposition that contains Confidential Information shall be stamped "CONFIDENTIAL," in a manner that does not interfere with the legibility of the document. Such designations shall constitute a representation to the Court that

such party or protected person (and counsel, if any) in good faith believes that the information so designated constitutes Confidential Information.

(d)    If an exhibit is used in a deposition that has previously been designated as confidential and the protected person who so designated the exhibit is not present at the deposition, the exhibit shall be treated as confidential, as will the portions of the transcript discussing or relating to that exhibit. Nothing in this subsection is deemed a waiver of the restrictions of paragraphs 10 and 11 with respect to those persons who may have access to Confidential Information.

7.    This Order shall not apply to information in the public domain or that rightfully enters the public domain regardless of whether such information is also contained in materials designated as confidential pursuant to this Order.

8.    (a)    Provided that the party has complied with the procedures set forth herein, this Order shall be without prejudice to the right of any party to bring before the Court the questions of whether particular information designated as confidential is appropriately designated and whether particular information designated confidential is or is not discoverable or admissible evidence at any evidentiary hearing or at trial in this case. By complying with this Order a party does not concede that any information designated by any party or protected person as confidential is in fact confidential as that term is defined in Paragraph 1(a) of this Order. However, no information designated as confidential pursuant to this Order shall be disclosed, except as provided herein, unless and until the Court orders the release of such information from the confidentiality provisions of this Order.

(b) In the event that the Court cannot entertain a confidentiality classification dispute, the Court shall refer the dispute to a special master pursuant to Rule 53 of the Federal Rules of Civil Procedure to make findings of fact as to such confidentiality classification disputes. Pursuant to Rule 53(e)(4) of the Federal Rules of Civil Procedure, Plaintiff and Defendant stipulate that such findings of fact shall be final. The fees and costs of the special master in relation to the particular dispute shall be paid by the party challenging the confidentiality designation.

## C. DISCLOSURE OF CONFIDENTIAL INFORMATION

9. Except as otherwise authorized by this Order, all persons obtaining access to Confidential Information in connection with this action shall use that information only for preparation and trial of this action, including any appeal and retrial, and shall not use such Confidential Information for any other purpose, including the furtherance of that person's business interests, or in any administrative or other proceeding. Any person found to have made an impermissible use of Confidential Information shall be subject, without limitation, to civil and criminal penalties for contempt of court.

10. Except as otherwise authorized by this Order, information designated as confidential shall be used only in connection with this action, shall not be disclosed to any person other than the individuals set forth below, may be disclosed only as necessary in connection with this action to the individuals set forth below, and may be used by those individuals only as necessary in connection with this action:

7

(a) the Court and all persons assisting the Court in this action, including court reporters and stenographic or clerical personnel;

(b) Department of Justice attorneys, economists, and other employees; outside counsel working as an attorney for the Department of Justice in connection with this action and employees of such outside counsel; contract paralegals, secretaries and other administrative personnel working for the Department of Justice in connection with this action; any persons employed or retained as data base managers or as litigation support personnel by the Department of Justice in connection with this action, and their employees;

(c) outside counsel working as an attorney of record for defendant in connection with this action and the employees of such outside counsel; contract paralegals, secretaries, and other administrative personnel working for outside counsel of defendant in connection with this action; and any persons employed or retained as data base managers or as litigation support personnel for outside counsel of defendant in connection with this action, and their employees;

(d) economic, survey, industry, technical, legal, or other experts or consultants, retained by a party to assist in the conduct of this action, including, to the extent necessary for purposes of this action only, employees of the firm with which the expert or consultant is associated, provided that disclosure may only be made to experts and staff that are not employed or affiliated in any other way with defendant, with any of its competitors, or with plaintiffs in the cases referenced in subparagraph (f) of this provision;

(e) authors, addressees, and recipients of particular information designated as confidential solely to the extent of disclosing such information of which they are an author, addressee, or recipient;

(f) with the exception of Confidential Information produced by a protected person to either party prior to the signing of this Protective Order, members and employees of the firm of trial counsel who have entered an appearance in Howard Hess Dental Laboratories, Inc. v. Dentsply International, Inc., Civil Action No. 99-255, and Raiber v. Dentsply International, Inc., Civil Action No. 99-343, and any other individuals who are entitled access to Confidential Information under a protective order, entered in either one of the cases referenced in this provision, that allows no broader dissemination than the dissemination allowed by this protective order and, in particular, does not allow dissemination to the plaintiffs in the cases referenced in this provision; and

(g) persons (and their agents) who have, or who any counsel for any party in good faith believes to have, had prior access to Confidential Information, or who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation.

11. Brian Addison, General Counsel for Dentsply, shall not have access to information designated "confidential" unless he makes a predefined requisite showing, as determined by the Court, which, at a minimum, shall include: 1) extraordinary detailing of the circumstances warranting disclosure; 2) an explanation of why employment of any and all filtering devices would not suffice; and 3) an explanation of why reliance on the representations and opinions of outside

counsel would not be adequate. If Dentsply applies to the Court for Brian Addison to have access to certain information designated as "confidential" by a protected person, the protected person shall have the right to be heard before the Court determines that Dentsply has made the requisite showing.

12. Confidential Information shall not be copied or reproduced except to the extent such copying or reproduction is necessary to the conduct of this action, and all such copies and reproductions shall be subject to the terms of this Order. If the duplicating process by which copies and reproductions of Confidential Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies and reproductions shall be stamped "Confidential" as appropriate.

13. Any work product or other materials generated in preparation for this action by counsel for either of the parties or anyone acting on their behalf, including but not limited to experts or other consultants retained for purposes of this action, that contain or reference Confidential Information shall have the following text clearly displayed: "Contains Confidential Material Protected By Court Order From Unauthorized Use." For documents that contain or reference Confidential Information, including but not limited to memoranda, drafts and other materials, the text shall also be placed prominently on the first page of such document. For file folders, such as red-welds or binders, that hold papers containing or referencing Confidential Information, the text shall be affixed on the outside of such file. For electronic files, the text shall be affixed to the labels for any discs containing or referencing Confidential Information and shall appear on the screen when the materials or information on the disc is first viewed. This provision

shall not apply where the work product or other material referenced in this paragraph contain solely a party's own Confidential Information.

14. Each individual described in Paragraph 10 or Paragraph 11 above, to whom information designated as confidential is disclosed, shall not disclose that information to any other individual, except as provided in this Order, or use it for any purpose other than in connection with this action. Before any information designated as confidential may be disclosed to any person described in Paragraph 10 or Paragraph 11 above, that person shall have first read this Order or shall have otherwise been instructed, by this Court or by counsel for a party, in that person's obligations under the Order. Additionally, before any information designated as confidential may be disclosed to any person described in Paragraph 10 (b-d) or in Paragraph 11, with the exception of a member of secretarial, clerical, or other support staff including contracted litigation support, at outside counsel representing defendant and at the Department of Justice, that person shall have executed the agreement included as Appendix A hereto. The counsel for the party making the disclosure shall retain the original of such executed agreement for a period of at least one year following the final resolution of this action.

15. Notwithstanding the provisions of Paragraphs 9, 10, 11, 12, 13, and 14 above, nothing in this Order shall:

    (a) limit a party or protected person's use or disclosure of its own information;

    (b) prevent a party, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing information designated as confidential either:

        (1) to another court of law; or

        (2) as may be required by law; and

(c) prevent plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing information designated as confidential:

(1) to duly-authorized representatives of the Executive Branch of the United States Government;

(2) in the course of legal proceedings to which the United States is a party;

(3) for the purpose of securing compliance with a Final Judgment in this action; or

(4) for law enforcement purposes.

16. The party intending to make any disclosure pursuant to Paragraph 15 (other than in this action or a grand jury proceeding) shall give notice to that effect to the producing protected person at least ten (10) business days prior to making any such disclosure.

### D. USE OF CONFIDENTIAL INFORMATION IN LITIGATION

17. If any Confidential Information is contained in any pleading, motion, exhibit, or other paper filed with the Court, the party filing such Confidential Information shall file the document(s) containing the Confidential Information to the Clerk of the Court in a sealed envelope with the following designation on the face of the envelope: "This envelope contains information designated as confidential pursuant to Order of the Court and may not be disclosed without further order of the Court." Such papers shall nevertheless be furnished to the Court, the plaintiff and defendant's outside counsel. Within ten (10) business days of filing any paper containing Confidential Information, the filing party shall file on the public docket of the Court a duplicate copy of the paper with the Confidential Information deleted.

18. Evidence and information introduced at any evidentiary hearing or at trial shall not be treated as Confidential Information unless designated by order of the Court as such.

19. Plaintiff shall treat all Confidential Information in accordance with the policy regarding disclosure of designated commercially or financially sensitive information set forth at 28 C.F.R. § 16.7. Plaintiff shall treat all information obtained in discovery in this action that has been designated as Confidential Information by defendant or third parties as "confidential business information" pursuant to the Freedom of Information Act, 5 U.S.C. § 552(b)(4), and shall honor all statutory obligations to protect the confidentiality of all such information obtained voluntarily or by means of compulsory process. If any request is made to plaintiff for Confidential Information covered by this Order, the plaintiff shall promptly give notice of that request to the producing party and shall not produce such Confidential Information until the party or non party that produced such information has an opportunity to object to such disclosure.

### E. PROCEDURES UPON TERMINATION OF LITIGATION

20. Within ninety (90) days after receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received Confidential Information shall either make a good faith effort to return such Confidential Information and all copies thereof to counsel for the party or protected person that produced it, or destroy all such Confidential Information and certify that fact in writing to the party or protected person. The Department of Justice shall be entitled to retain court papers, deposition and trial transcripts and exhibits, and attorney-work product (including discovery material containing Confidential Information); provided that Department of Justice employees shall not disclose the portions of court papers, deposition transcripts, exhibits, or attorney-work product containing Confidential Information to any person,

13

except pursuant to court order or agreement with the party or protected person that produced the Confidential Information. All Confidential Information returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. Nothing in this provision, however, shall restrict the rights of the parties under Paragraph 15, or the rights of the United States to retain and use Confidential Information for law enforcement purposes or as otherwise required by law.

### F. RIGHT TO SEEK MODIFICATION

21. Nothing in this Order shall prevent either party from seeking modification of this Order upon motion duly made pursuant to the Rules of this Court nor shall it prevent a protected person from making a motion, pursuant to paragraph 4 of this Order, duly made pursuant to the Rules of this Court.

Respectfully submitted,

Dated:   July 23, 1999

FOR PLAINTIFF
UNITED STATES OF AMERICA:

CARL SCHNEE
UNITED STATES ATTORNEY
FOR THE DISTRICT OF DELAWARE

By: _____
Judith M. Kinney (No. 3643)
Assistant United States Attorney
U.S. Attorney's Office
1201 Market Street, Suite 1100
Wilmington, DE 19801
(302) 573-6277

FOR DEFENDANT
DENTSPLY:

_____
James P. Hughes, Jr. (No. 3102)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
11th Fl., Rodney Square North
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6692

14

Mark J. Botti
William E. Berlin
Frederick S. Young
Michael S. Spector
Health Care Task Force
Antitrust Division
U.S. Department of Justice
325 7th Street, N.W., Suite 400
Washington, D.C. 20530
(202) 307-0827

Margaret M. Zwisler
Richard A. Ripley
Kelly A. Clement
Eric J. McCarthy
HOWREY & SIMON
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

SO ORDERED:

*[signature]*
United States District Judge

July 27, 1999
Wilmington, Delaware

15

## APPENDIX A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                    )<br>              Plaintiff,                    )<br>                                                    )<br>      v.                                          )    Civil Action No. 99-005 (MMS)<br>                                                    )<br>DENTSPLY INTERNATIONAL, INC.,   )<br>                                                    )<br>              Defendant.                )<br>                                                    ) | |

### AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as a _____ by _____. I hereby certify that:

1.   I have read the Protective Order entered in the above-captioned action, and understand its terms.

2.   I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only for the purposes of this litigation.

3.   I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

16

4.  I submit to the jurisdiction of the United States District Court for the District of Delaware solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5.  I make this certificate this _____ day of _____, ___.

_____
(SIGNATURE)

17