# EXHIBIT 2

1  ROBERT E. FREITAS (State Bar No. 80948)
   MONTE M.F. COOPER (State Bar No. 196748)
2  DANIEL J. WEINBERG (State Bar No. 227159)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  1000 Marsh Road
   Menlo Park, California 94025
4  Telephone:  650-614-7400
   Facsimile:   650-614-7401
5  E-mail:       rfreitas@orrick.com
   E-mail:       mcooper@orrick.com
6  E-mail:       dweinberg@orrick.com

7  Attorneys for Plaintiff
   Vident
8

9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12 VIDENT,                          SACV06 1141

13           Plaintiff,              Case No.

14    v.                             **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

15 DENTSPLY INTERNATIONAL, INC.,     **JURY TRIAL DEMANDED**

16           Defendant.

OHS West:260131107.1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Vident alleges as follows.

1. This is an action for damages and injunctive relief for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337. Venue is proper in this District under 28 U.S.C. § 1391(b). Dentsply does business in Los Angeles, California.

2. Vident is a corporation organized and existing under the laws of the State of California with its principal place of business in Brea, California.

3. Defendant Dentsply International, Inc. ("Dentsply") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in York, Pennsylvania. Dentsply was adjudicated to have violated Section 2 of the Sherman Act by implementing an unlawful monopoly maintenance scheme specifically intended to injure Vident in *United States v. Dentsply International, Inc.*, 399 F.3d 181 (3d Cir. 2005) ("*United States v. Dentsply*"). As a result of Dentsply's violation of the Sherman Act, Vident has been damaged, as set forth below.

4. Vident and Dentsply are engaged in the business of selling prefabricated artificial teeth. The relevant geographic market in which Vident and Dentsply compete is the United States of America, as determined in *United States v. Dentsply*. Dentsply has monopoly power in the market for the sale of artificial teeth in the United States.

5. With the specific intent to monopolize trade or commerce in artificial teeth in the United States and to injure Vident, Dentsply unlawfully implemented an exclusive dealing arrangement known as Dealer Criterion 6, held by the United States Court of Appeals for the Third Circuit to be "a solid pillar of harm to competition." Pursuant to Dealer Criterion 6, dealers wishing to sell Dentsply teeth were not allowed to do business with Vident or with other Dentsply competitors. Dentsply implemented Dealer Criterion 6 with the specific intent to "block competitive distribution points," to prevent Vident from "achiev[ing]

OHS West:260131107.1

toeholds in dealers," and to "tie up dealers" so that Vident's ability to sell its products would be impaired. Dentsply deprived dealers of the opportunity to sell Vident's products because it knew that if the dealers had such an opportunity, purchasers of artificial teeth would "have a choice," and would, in numbers far greater than those achieved in the face of Dentsply's illegal actions, choose Vident products.

6. As determined in *United States v. Dentsply*, Dentsply succeeded in its unlawful scheme, and violated Section 2 of the Sherman Act by unlawfully maintaining its monopoly in the relevant market.

7. As a direct and proximate result of Dentsply's unlawful actions, Vident has suffered antitrust injury and has been damaged such that it has lost tens of millions of dollars in profits it would have earned in the absence of Dentsply's illegal actions.

WHEREFORE, Vident prays for judgment as follows:

1. For damages in an amount subject to proof at trial;
2. For trebling of the damages it proves;
3. For costs of suit and reasonable attorneys' fees incurred herein;
4. For prejudgment interest;
5. For a permanent injunction prohibiting Dentsply and all those in active concert or participation with Dentsply from enforcing Dealer Criterion 6 or otherwise conditioning the sale of its products or the authorization of dealers to sell Dentsply products on the buyer's or dealer's actions with respect to the sale or potential sale of non-Dentsply teeth, or threatening, retaliating against, intimidating, or discriminating in any manner against any dealer or other customer based on the customer's sale or potential sale of non-Dentsply teeth; and

OHS West:260131107.1

- 2 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6. For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Vident hereby demands a trial by jury.

Dated: November 22, 2006

ROBERT E. FREITAS
MONTE M.F. COOPER
DANIEL J. WEINBERG
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Monte M.F. Cooper
Attorney for Plaintiff Vident

OHS West:260131107.1

- 3 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF