IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>DENTSPLY INTERNATIONAL, INC., )<br>)<br>Defendant )<br>) | C.A. No 99-005-SLR |

**THIRD PARTY NOWAK DENTAL SUPPLIES INC's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS UNOPPOSED MOTION TO INTERVENE FOR THE SOLE PURPOSE OF MODIFYING THE STIPULATED PROTECTIVE ORDER**

**I. INTRODUCTION**

The United States Government initiated the above-captioned action against Dentsply International, Inc. (Dentsply), a manufacturer of artificial teeth, based on Dentsply's alleged violations of Section 1 and Section 2 of the Sherman Act and Section 3 of the Clayton Act.

Third party Nowak Dental Supplies, Inc. ("Nowak"), a dealer in the artificial tooth industry and a direct purchaser from Dentsply, has asserted similar claims against Dentsply under Sherman Section 2 in a case currently pending before the Middle District of Pennsylvania (the "Nowak Action"). *See Nowak Dental Supplies, Inc. v. Dentsply International, Inc.*, 1:07-cv-01799 (CCC) (M.D.Pa.). Nowak intends to discover from Dentsply materials previously produced in the above-captioned litigation because this

1

case and the Nowak action concern common legal and factual issues. However, the terms of the Stipulated Protective Order (D.I. 92) entered by this Court on July 27, 1999, currently prevent Dentsply from disclosing certain such materials and further prevent Nowak from using them in any manner.

Nowak, therefore, respectfully requests that the Court modify the Stipulated Protective Order to allow Dentsply to disclose to Nowak, for use in the Nowak Action, materials previously designated under the parties' Stipulated Protective Order.

Neither the government nor Dentsply oppose Nowak's motion. This Court considered and granted an identical motion submitted by third party Vident, a Dentsply competitor, for access to and use of the materials previously designated under the parties' Stipulated Protective Order. That motion was granted by this Court on December 13, 2007, a copy of which order is attached as Exhibit 2 to the Declaration of Adam Steinfeld, submitted herewith. Accordingly, this Court should grant Nowak's motion and modify the Stipulated Protective Order as set forth in the [Proposed] Order, filed with the motion, a copy of which is attached hereto as Exhibit A.

## II. FACTS

The government initiated the above-captioned action on January 5, 1999, alleging that Dentsply's restrictive dealing requirements imposed upon its dealers violated various antitrust laws. On July 27, 1999, pursuant to Federal Rule of Civil Procedure 26(c)(7), this Court signed the parties' Stipulated Protective Order governing disclosure in this case. *See* Steinfeld Declaration at ¶ 3. This Court amended such order on December 13, 2007. Id.

Paragraph 9 of the Stipulated Protective Order, as amended, provides as follows:

> 9. Except as otherwise authorized by this Order, all persons obtaining access to Confidential Information in connection with this action shall use that information only for the preparation and trial of this action and *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.), including any appeal and retrial, and shall not use such Confidential Information for any other purpose, including the furtherance of that person's business interests, or in any administrative or other proceeding. Any person found to have made an impermissible use of Confidential Information shall be subject, without limitation, to civil and criminal penalties for contempt of court.

Paragraph 21 of the Stipulated Protective Order further states:

> 21. Nothing in this Order shall prevent either party from seeking modification of this Order upon motion duly made pursuant to the Rules of this Court nor shall it prevent a protected person from making a motion, pursuant to paragraph 4 of this Order, duly made pursuant to the Rules of the Court.

After extensive discovery and litigation, and a ruling by this Court, *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003), the government appealed the ruling on the Sherman Act Section 2 claim, and the Third Circuit reversed the ruling. It found that Dentsply had exercised monopoly market power in an anticompetitive manner in violation of Section 2. *See United States v. Dentsply Int'l, Inc.*, 399 F3d 181, 186-197 (3rd Cir. 2005).

On October 7, 2007, Nowak filed a complaint in the Middle District of Pennsylvania, seeking to recover damages it has suffered as a result of Dentsply's unlawful monopolistic behavior in the artificial tooth industry. *See* Steinfeld Declaration at ¶4. Because the Nowak Action raises questions of law and fact that are common to those raised in the government's case, Nowak desires to discover and use in its case materials previously produced herein, including materials previously designated as

confidential under the parties' Stipulated Protective Order. Doing so would violate the Paragraph 9 of the Stipulated Protective Order unless the Court adopts the modifications set forth in Nowak's [Proposed] Order.

Nowak proposes the same modifications to the Stipulated Protective Order that Vident sought and received from this Court in December 2007. Nowak's counsel has discussed its proposed modifications with counsel for Dentsply and the government, and neither opposes the modifications. *See* Steinfeld Declaration at ¶5. If the Court adopts the modifications, Nowak's access to and use of the information would be restricted not only by the amended Stipulated Protective Order, but also by the protective order entered in the Nowak Action. *See* Steinfeld Declaration at ¶4.

## ARGUMENT

A.  **Nowak May Properly Intervene to Modify the Stipulated Protective Order**

A litigant who is not an original party to an action may properly challenge protective or confidentiality orders entered in that action by intervening under FRCP 24(b). *See Pansy v. Borough of Stroudsburg*, 23 F 3d 772, 778 (3d Cir. 1994) ("*Pansy*"). The requirements for permissive intervention are: (1) an independent basis for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action. *See Equal Employment Opportunity Comm. v. National Children's Ctr. Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1988) ("*EEOC*"); *see also Beckman Industrial v. Int'l Ins., Co.*, 966 F. 2d 470, 473 (9th Cir. 1992).

Those requirements have been applied with great flexibility by the courts, in accordance with the courts' discretion on such matters, when a non-party seeks intervention for the limited purpose of modifying a protective order. *See United States*,

4

*ex rel Frank Sheesley Co. v. St. Paul Fire and Marine Ins. Co.*, 239 FRD 404, 410-411 (W.D. Pa 2006); *In re Linerboard Antitrust Litigation*, 333 F. Supp. 2d 333, 338-389 (E.D. Pa. 2004). Courts have been "willing to adopt generous interpretations of Rule 24(b)" to facilitate an "effective mechanism for third party claims of access to information generated through judicial proceedings." *EEOC*, 146 F 3d at 1045.

As to the first requirement, the intervener need not demonstrate an independent basis for subject matter jurisdiction. *Pansy*, 23 F 3d at 778, n.3. This is because "such interveners do not ask the district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise power that it already has, namely, the power to modify a previously entered confidentiality agreement." *EEOC*, 146 F 3d at 1047; *In re Agent Orange Prod. Liability Litigation*, 821 F. 2d 139, 145 (2d. Cir. 1987). As Vident did previously, Nowak moves to intervene solely to modify the Stipulated Protective Order previously entered by this Court. The Court retains jurisdiction over the modification and enforcement of such Order. Therefore, the first requirement is satisfied.

As to the second requirement that a claim or defense present common legal or factual issues to the main action, such requirement is interpreted with "considerable breadth," and courts have held this requirement is satisfied if the movant raises a common question in a suit in another jurisdiction. *EEOC*, 146 F. 3d at 1046-1047; *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F 2d 159, 162 (6th Cir. 1987). Even then, there is no obligation to present a strong nexus of fact or law between the two actions when the party seeks to intervene only for the purpose of modifying a protective order. *See U.S. v. St. Paul Fire and Marine*, 239 FRD at 411. That noted, Nowak's complaint raises the same Sherman Act monopoly allegations that were alleged in this

action, and many of the underlying facts relevant in this case are also relevant to the Nowak Action. As this action and the Nowak Action share common issues of law and fact, this requirement is satisfied.

As to the third requirement, a motion has been considered "timely" for purposes of modifying a protective orders even long after the original action in which the protective order was entered is concluded. *See, Pansy*, 23 F 3d at 779, *citing Leucadia Inc. v. Applied Extrusion Tech, Inc.*, 998 F 2d 157 (3rd Cir. 1993). This motion is no less timely than the Vident motion granted by this Court. There is no dispute as to the timeliness of the motion. Nowak's motion is not frivolous, nor does it impose any prejudice on the parties to the above-captioned action. Given these factors, this requirement is satisfied. *See, U.S. v. St. Paul Fire and Marine*, 239 FRD at 412.

Accordingly, Nowak's motion to intervene meets the FRCP 24(b) standards, and is the proper procedural mechanism to seek modification of the Stipulated Protective Order.

**B.     The Court Should Modify the Stipulated Protective Order to Grant Nowak Access to Materials Previously Produced as "Confidential" and to Allow Nowak's Use of Such Materials in the Nowak Action.**

This Court should grant this motion because Nowak seeks only limited, appropriate relief, Nowak meets the good cause standard set forth in *Arnold v. Pennsylvania*, 477 F3d 105 (3rd Cir. 2007), and no harm or embarrassment will come to the parties in this litigation if the Stipulated Protective Order is modified as requested.

Nowak does not seek to nullify the Stipulated Protective Order or make public any materials that have been previously provided under such Order and designated as confidential. While the proposed modifications would allow use of the designated

materials in the Nowak Action so as to facilitate judicial efficiencies, the Stipulated Protective Order would continue to restrict such use in accordance with its terms. The protective order in the Nowak Action would further protect all parties' interests in maintaining the confidentiality of such materials produced in accordance with this Stipulated Protective Order.

Specifically, as set forth in the concurrently filed [Proposed] Order (Exhibit A), Nowak requests only that Paragraph 9 of the Stipulated Protective Order, as amended on December 13, 2007, be further amended (as designated by the underlining) as follows:

> 9.      Except as otherwise authorized by this Order, all persons obtaining access to Confidential Information in connection with this action shall use that information only for the preparation and trial of this action, *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.), and <u>*Nowak Dental Supplies, Inc., v Dentsply International, Inc.*, Case No. 1:07-cv-01799 (CCC) (M.D. Pa)</u> including any appeals and retrials, and shall not use such Confidential Information for any other purpose, including the furtherance of that person's business interests, or in any administrative or other proceeding. Any person found to have made an impermissible use of Confidential Information shall be subject, without limitation, to civil and criminal penalties for contempt of court.

Nowak further requests only that Paragraph 10 of the Stipulated Protective Order, as amended on December 13, 2007, be further amended (as designated by the underlining) as follows:

> 10.     Except as otherwise authorized by this Order, information designated as confidential shall be used only in connection with this action, *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.), and <u>*Nowak Dental Supplies, Inc., v Dentsply International, Inc.*, Case No. 1:07-cv-01799 (CCC) (M.D. Pa)</u> shall not be disclosed to any person other than the individuals set forth below, may be disclosed only as necessary in connection with this action, *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.) and <u>*Nowak Dental Supplies, Inc., v Dentsply International, Inc.*, Case No. 1:07-cv-01799 (CCC) (M.D. Pa)</u>, to the individuals set forth below, and may be used by those individuals only as necessary in connection with this action, *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.),

and *Nowak Dental Supplies, Inc., v Dentsply International, Inc.*, Case No. 1:07-cv-01799 (CCC) (M.D. Pa):

\*\*\*

(h)     members and employees of the firm of trial counsel for Vident and Dentsply in *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.) and *Nowak Dental Supplies, Inc., v Dentsply International, Inc.*, Case No. 1:07-cv-01799 (Conner) (M.D. PA), and any other individuals who are entitled access to Confidential Information under a protective order entered in that case that allows no broader dissemination than the dissemination allowed by this protective order.

These amendments facilitate the use of relevant information in the Nowak Action, the sharing of which will promote judicial efficiency, and still protect the parties' interests in maintaining the confidentiality of the documents and materials as identified in the Stipulated Protective Order. See Arnold v. Pennsylvania, 477 F3d at 108.

Notably, neither the government nor Dentsply oppose this motion, which supports the contention that, on balance, Nowak has demonstrated good cause to amend the Stipulated Protective Order and that no harm or embarrassment will come to the litigants in this case if such Order is amended. *Id.* at 108-110.

## CONCLUSION

For the foregoing reasons, Nowak respectfully requests that the Court modify the Stipulated Protective Order in this action as set forth in the [Proposed] Order filed concurrently herewith.

*/s/ Jeffrey S. Goddess*

Jeffrey S. Goddess (Del. Bar No. 630)
ROSENTHAL, MONHAIT & GODDESS, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
jgoddess@rmgglaw.com
(302) 656 4433

*Attorney for Nowak Dental Supplies, Inc.*

OF COUNSEL:

Adam Steinfeld
GARWIN, GERSTEIN &
FISHER, LLP
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055

# EXHIBIT A

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 99-005-SLR |
| | ) | |
| DENTSPLY INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

### [PROPOSED] ORDER MODIFYING STIPULATED PROTECTIVE ORDER

**WHEREAS**, on July 27, 1999, pursuant to Federal Rule of Civil Procedure 26(c)(7), this Court entered the Stipulated Protective Order governing disclosure in this case;

**WHEREAS**, Paragraph 9 of the Stipulated Protective Order provides as follows:

> 9. Except as otherwise authorized by this Order, all persons obtaining access to Confidential Information in connection with this action shall use that information only for the preparation and trial of this action, including any appeal and retrial, and shall not use such Confidential Information for any other purpose, including the furtherance of that person's business interests, or in any administrative or other proceeding. Any person found to have made an impermissible use of Confidential Information shall be subject, without limitation, to civil and criminal penalties for contempt of court.

**WHEREAS**, Paragraph 21 of the Stipulated Protective Order provides as follows:

> 21. Nothing in this Order shall prevent either party from seeking modification of this Order upon motion duly made pursuant to the Rules of this Court nor shall it prevent a protected person from making a motion, pursuant to paragraph 4 of this Order, duly made pursuant to the Rules of the Court.

**WHEREAS**, the Third Circuit Court of Appeals found in this case that Dentsply violated Section 2 of the Sherman Act;

**WHEREAS**, a third-party, Nowak, has filed a lawsuit against Dentsply in the United States District Court for the Middle District of Pennsylvania, in an action entitled *Nowak Dental Supplies, Inc. v. Dentsply International, Inc.*, 1:07-cv-01799 (CCC) (M.D.Pa.) (The "*Nowak* Action"), alleging that Dentsply violated Section 2 of the Sherman Act;

**WHEREAS**, the *Nowak* Action and the above-captioned case concern common questions of law and fact;

**WHEREAS**, Nowak has timely moved to intervene for the sole purpose of modifying the Stipulated Protective Order in this case in order to allow Dentsply to disclose to Nowak, for use in the *Nowak* Action, materials designated under the Stipulated Protective Order;

**WHEREAS**, the relief requested hereby is substantially similar to the motion to intervene brought by third-party Vident, which sought modification of the Stipulated Protective Order to permit disclosure of Confidential Information in an action entitled *Vident v Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (Anx) (C.D.Cal.) (The "*Vident* Action"), which motion was granted by this Court on December 13, 2007 (D.I. 570);

**WHEREAS**, this Court may properly exercise jurisdiction over any previously entered confidentiality order in this case;

**WHEREAS**, the United States of America and Dentsply do not oppose Nowak's Motion to Intervene for the Sole Purpose of Modifying the Stipulated Protective Order nor its proposed modifications;

**IT IS HEREBY ORDERED** this _____ day of _____, 200__ that:

1. Paragraph 9 of the Stipulated Protective Order is amended (as designated by the underlining) as follows:

> 9. Except as otherwise authorized by this Order, all persons obtaining access to Confidential Information in connection with this action shall use that information only for the preparation and trial of this action, Vident v. Dentsply International, Inc., Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.), and _Nowak Dental Supplies, Inc., v Dentsply International, Inc., Case No. 1:07-cv-01799 (CCC) (M.D. Pa)_ including any appeals and retrials, and shall not use such Confidential Information for any other purpose, including the furtherance of that person's business interests, or in any administrative or other proceeding. Any person found to have made an impermissible use of Confidential Information shall be subject, without limitation, to civil and criminal penalties for contempt of court.

2. Paragraph 10 of the Stipulated Protective Order is amended (as designated by the underlining) as follows:

> 10. Except as otherwise authorized by this Order, information designated as confidential shall be used only in connection with this action, _Vident v. Dentsply International, Inc.,_ Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.), and _Nowak Dental Supplies, Inc., v Dentsply International, Inc., Case No. 1:07-cv-01799 (CCC) (M.D. Pa)_ shall not be disclosed to any person other than the individuals set forth below, may be disclosed only as necessary in connection with this action, _Vident v. Dentsply International, Inc.,_ Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.) and _Nowak Dental Supplies, Inc., v Dentsply International, Inc., Case No. 1:07-cv-01799 (CCC) (M.D. Pa)_, to the individuals set forth below, and may be used by those individuals only as necessary in connection with this action, _Vident v. Dentsply International, Inc.,_ Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.), and _Nowak Dental Supplies, Inc., v Dentsply International, Inc.,_ Case No. 1:07-cv-01799 (CCC) (M.D. Pa):

\* \* \*

3

    (h)  members and employees of the firm of trial counsel for Vident and Dentsply in *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.) and *Nowak Dental Supplies, Inc., v Dentsply International, Inc.*, Case No. 1:07-cv-01799 (Conner) (M.D. Pa), and any other individuals who are entitled access to Confidential Information under a protective order entered in that case that allows no broader dissemination than the dissemination allowed by this protective order.

Dated:_____     _____

                     Honorable Sue L. Robinson
                     United States District Judge